LEPPER, RESPONDENT, *v.* HOME RANCH CO. ET AL., DEFENDANTS; SHAMMEL ET AL., APPELLANTS.

(No. 6,816.)

(Submitted October 9, 1931.   Decided November 2, 1931.)

[4 Pac. (2d) 722.]

*Mr. Ralph J. Anderson,* for Appellants, submitted an original and a reply brief and argued the cause orally.

*Messrs. Ayers & Ayers* and *Messrs. Gunn, Rasch, Hall & Gunn,* for Respondent, submitted an original and a supplemental brief; *Mr. Carl Rasch* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an appeal from an order of the district court of Petroleum county directing the issuance of a writ of assistance after a hearing had on the application therefor made by the purchaser of certain lands at a mortgage foreclosure sale, and objections filed by Frank Shammel, who was then, together with Wayne Shammel, in possession of the property. The question presented for decision is whether or not the persons against whom the writ was ordered issued were tenants in possession. At the hearing, held on November 1, 1930, evidence was offered by the objector only, after the receipt of which the court ordered the writ to issue.

It appears that the petitioner for the writ held a mortgage on the lands in question, owned by the Home Ranch Company, which mortgage was foreclosed by decree duly entered on September 8, 1930, wherein, among other things, it is provided that the purchaser be let into possession of the premises upon production of the sheriff's certificate of sale. The mortgagee became the purchaser at the sale on October 14, 1930, and the sheriff's certificate of sale was thereupon delivered to him. On the last-mentioned date he visited the property and found Frank Shammel and Wayne Shammel in possession, and thereupon exhibited to them and each of them the sheriff's certificate of sale and demanded possession; but they refused and still refuse to surrender possession of the lands or any part or portion of the same. The objector appeared on October 27, 1930, and made and filed his affidavit in resistance to the issuance of the writ, wherein he claims right to possession of the lands by reason of a contract in writing designated as "a lease," executed to him by the Home Ranch Company, owner of the land, on November 10, 1924, which so-called lease was to run from December 1, 1924, to April 1, 1930, and an alleged extension thereof. The objector was not made a party to the foreclosure action.

The extension of the alleged lease agreement, which is rather a joint adventure of the parties for the raising of sheep, is

predicated upon certain letters written by the objector to the Home Ranch Company, and replies thereto written by Jackson E. Reuter, secretary of the company, by the court excluded from the evidence, upon which ruling the objector predicates error. We have carefully examined the letters and are of opinion the court was entirely correct in excluding them from evidence as not tending to establish a continuance of the agreement under which the objector entered into possession of the land, whether it was a lease contract or not. The most shown by the correspondence is that the objector continued in possession of the mortgaged property with the owner's knowledge. The objector offered in evidence a letter dated April 1, 1930 (date of expiration of contract), signed by the "Home Ranch Company, by Jackson Reuter, Secretary," reading in part as follows: "In reference to making repairs on the dam, we should bear in mind that such repairs as you find necessary to make should be at a minimum cost for the reason that it is not at all likely that the Home Ranch Co. will be able to take up the Lippert (Lepper) mortgage, and any expenses incurred for Lippert [Lepper] by us for the benefit of the mortgagor (mortgagee) should be avoided. You might direct my attention to this matter some time later, and I will submit it to the President of the Co., and if it will be an advantage to us, this spring, I would recommend by all means, favorably considering your action."

On April 16, 1930, sixteen days after the expiration of the agreement, Jackson Reuter, as secretary of the Home Ranch Company, wrote a letter to the objector, reading in part as follows: "I was very pleased indeed, to hear from you again, and I am particularly amused about what you stated concerning Mrs. Abbott having been appointed attorney for Mr. Lepper. Please understand, as I know you do, that we are still in possession of the ranch, and Mrs. Abbott must not interfere with any of your plans."

On April 25, 1930, the objector made reply to the letter of the Home Ranch Company dated April 16, 1930, wherein he inclosed an itemized statement of account of money due from

the Home Ranch Company for advances, totaling $602.20, in the conduct of the ranch business, and among other things stated: "The sheep we are going to lamb never looked better at this time of year than they do now, and we are just starting to lamb. I am sending you some bills for what I have paid out and some I have advanced to the men that have the ewes on shares and they will pay it back as soon as the wool is sold. I am also sending the bill for your share of lambing expense."

Upon a sale of real property on execution or decree of fore-closure, the purchaser is substituted to and acquires all the right, title and interest of the judgment debtor in the property sold (sec. 9441, Rev. Codes 1921; *Hamilton* v. *Hamilton,* 51 Mont. 509, 154 Pac. 717; *Banking Corporation* v. *Hein,* 52 Mont. 238, 156 Pac. 1085; *Power Merc. Co.* v. *Moore Merc. Co.,* 55 Mont. 401, 177 Pac. 406), leaving the judgment debtor only the bare statutory right to redeem. (*McQueeney* v. *Toomey,* 36 Mont. 282, 122 Am. St. Rep. 358, 13 Ann. Cas. 316, 92 Pac. 561; *Citizens' Nat. Bank* v. *Western L. & B. Co.,* 64 Mont. 40, 208 Pac. 893; *Swanberg* v. *Schaeffer,* 88 Mont. 16, 289 Pac. 561.) Under the law the purchaser at a foreclosure sale is entitled to the possession of the mortgaged premises during the statutory period allowed for redemption, as against the judgment debtor, except when they are occupied by the execution debtor as a home for himself and his family. (Sec. 9449, Rev. Codes 1921; *Citizens' Nat. Bank* v. *Western L. & B. Co.,* supra; *State ex rel. Flowerree* v. *District Court,* 71 Mont. 89, 227 Pac. 579.) And the certificate of sale issued by the sheriff is a conveyance within the meaning of the Recording Act (Rev. Codes 1921, sec. 6890 et seq.). (*Citizens' Nat. Bank* v. *Western L. & B. Co.,* supra.) "The purchaser, from the time of the sale until a redemption, and a redemptioner, from the time of his redemption, until another redemption, is entitled to receive, from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof." (Sec. 9448, Rev. Codes 1921.) But where a lessee of real property remains in possession after the expiration

of the hiring, *"and the lessor accepts a rent from him,"* the parties will be presumed to have renewed the hiring on the same terms and for the same time, not exceeding one year. (Id., sec. 7745.)

Now as to whether the objector occupied the premises originally by reason of a lease contract or one evidencing a joint adventure of the parties, it is clearly shown that the owner accepted no money from the objector in continuation of the contract, and the contents of the letters excluded do not in any manner establish a continuance of the arrangement. The objector remained in possession of the lands after April 1, 1930, the date of the expiration of the contract, and during the pendency of the foreclosure proceedings, with actual knowledge thereof, as indicated in the letters of Reuter, as secretary of the Home Ranch Company, dated April 1, 1930, and April 16, 1930, by the objector offered in evidence.

The Home Ranch Company, after the expiration of the contract, accepted payment of its share on division of the receipts from wool grown in 1930, on the contract, for the reason that the property, including the sheep, was by its terms to be divided equally on April 1, 1930. The wool money turned over represented what the Home Ranch Company was entitled to, and did not represent an advance payment on the year ahead constituting a consideration for a renewal of the agreement. The objector testified at the hearing that he had settled up with the Home Ranch Company entirely, and that it had "nothing coming in any way, shape, manner or form."

It is the rule that where mortgaged premises are sold to the mortgagee on a sheriff's sale, by reason of a decree of foreclosure, the writ of assistance will run against the mortgagor and all parties in possession of the land, holding under him with notice, after the commencement of the action, and who refuse to surrender possession in accordance with the decree of foreclosure. (3 Cal. Jur. 337.) But the objector could not be heard to complain at not having been made a party to the action, since his contract giving him right of possession from the mortgagor had expired, and when the

certificate of sale was presented to and demand for possession made upon him, he was thenceforth holding as a trespasser, although after the expiration of the contract and before demand made by the purchaser he held the premises at sufferance of the mortgagor. The writ of assistance may be issued not only against the defendant in a foreclosure action, but against any party in possession under him. Of course, it is necessary that the rights of the person (where rights exist) from whom possession is sought should, in some lawful mode, be subjected to the jurisdiction of the court. Ordinarily, this is done by making him a party to the suit in which the decree to be enforced is entered; but it may be accomplished, as in this instance, by his voluntary appearance, in contest of the proceeding, or upon an order to show cause issued upon proof that the person refusing to surrender possession is a trespasser or holding for the mortgagor. However, in the statute it is provided that ''no person holding a conveyance from or under the mortgagor of the property mortgaged, or having a lien thereon, which conveyance or lien does not appear of record in the proper office at the time of the commencement of the action [in foreclosure] need be made a party to such action; and the judgment therein rendered, and the proceedings therein had, are as conclusive against the party holding such unrecorded conveyance or lien as if he had been made a party to the action.'' (Sec. 9467, Rev. Codes 1921.) When a party is thus brought into the proceeding, and it is satisfactorily established, as in the case under consideration, that the claimant's right of possession is undoubtedly subordinate to the right for the enforcement of which the writ of assistance is prayed, then it may be issued as against him. (*Strong* v. *Smith,* 68 N. J. Eq. 686, 60 Atl. 66; *Lamar* v. *Spalding,* 203 U. S. 584, 51 L. Ed. 328, 27 Sup. Ct. Rep. 782; *Louisville & N. R. Co.* v. *Schmidt,* 177 U. S. 230, 44 L. Ed. 747, 20 Sup. Ct. Rep. 620.) Here the objector appeared after the judgment in opposition to the petition for the writ, and thus subjected himself to the jurisdiction of the court as to his right to possession of the property.

Time was made the essence of the contract, and the letters offered in evidence, viewed in the light most favorable to the objector, show him to have been in possession after April 1, 1930, at sufferance, or at most at the will of the mortgagor, whether the contract be viewed as one of lease or of joint enterprise. And the tenancy, if such can be said to have at any time existed, became terminated upon alienation of the estate whether voluntary or involuntary. The contract expired by express limitation on April 1, 1930, was not renewed, and therefore there were no rents accruing on the land to be paid to the purchaser at foreclosure sale under the provisions of section 9448 of our Codes. Accordingly, the purchaser was entitled to immediate possession on exhibition of the sheriff's certificate of sale. At most, the objector's right of possession could be no greater than that of the mortgagor.

There is nothing inconsistent herewith in the holding of this court in the case of *Blodgett Loan Co.* v. *Hansen,* 86 Mont. 406, 284 Pac. 140. That case arose under an entirely different state of facts. There the rights of a crop tenant were involved under an existing lease, and it was held that the purchaser at foreclosure sale was entitled to the rents, issues and profits after foreclosure sale in accordance with the provisions of section 9448 of the Codes, as a substituted landlord.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.