EDWIN S. MUSGROVE AND MARION C. MUSGROVE, AS
JOINT TENANTS WITH FULL RIGHT OF SURVIVORSHIP AND NOT AS
TENANTS IN COMMON, PLAINTIFFS AND APPELLANTS, *v.* ROB-
ERT J. OLDS AND SHIRLEY OLDS, HIS WIFE, AND OTHERS,
DEFENDANTS AND RESPONDENTS.

No. 10654.
Submitted May 13, 1964. Decided August 12, 1964.
394 P.2d 751.

72

William Dee Morris (argued), Butte, for appellants.
William N. Geagan (argued), Butte, for respondents.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from the district court of the second judicial district of the State of Montana, in and for the County of Silver Bow, the Honorable T. E. Downey, Judge presiding.

The action is a quiet title action brought by plaintiffs based upon a tax certificate obtained by them from Silver Bow County, in which they joined as defendants, Scott Crabtree and Beryl Crabtree, his wife; Robert Olds and Shirley Olds, his wife; Diamond Investment Company, a corporation; the unknown heirs and unknown devisees of each of the above designated individual defendants; who may now be deceased; Silver Bow County, a body politic and corporate and political subdivision of the State of Montana; Jack Klemo, as Treasurer of Silver Bow County; the State of Montana; W. J. Winters; E. J. Byrne and J. A. Liggett.

The facts of the case are agreed upon between the parties. Defendants Crabtree in 1956 were owners of certain described property situated in Silver Bow County that was taken by the County for unpaid taxes on July 25, 1956. On December 7, 1959, some three years and six months later, the plaintiffs, husband and wife, (hereinafter referred to as appellants) purchased said property from the County, and received an assignment of tax certificate. Thereafter, on February 4, 1960, they caused notice of application for a tax deed to be published in

a local newspaper. Copies of said notice were sent to defendants Crabtree by registered mail, return receipt, giving them notice that on April 8, 1960, the appellants would apply to Silver Bow County for a tax deed. Said tax deed was applied for and received from the County on May 31, 1960, and thereafter the Crabtrees gave appellants a quitclaim deed to the property conveying all their right, title and interest. Said quitclaim deed was then filed by appellants.

The Olds, husband and wife, are co-partners in Olds & Company, a real estate firm in Butte, Montana. The defendants in the quiet title action will hereinafter be referred to as respondents. The respondents were creditors of the Crabtrees, and had secured a judgment against the Crabtrees in 1959. On October 27, 1959, the respondents executed on the judgment and became owners Certificates of Sale on the execution of the property in question. Copies of the Certificates were filed with the clerk and recorder of Silver Bow County as provided by law, and said Certificates were on file at the time the tax certificate and tax deed were issued to the appellants. It should be noted that appellants in checking on the title to the property in this case failed to check the office of the clerk and recorder to see whether or not previously recorded liens had been satisfied. Too, while publication of notice of application for a tax deed had been made by appellants in a local newspaper there was no proof of such publication on file in the treasurer's office as is required by statute.

A summary of the fact situation presented by the pleading raises this problem. Does a judgment creditor, who is first in time, and who has followed the statute in his execution on judgment prevail against one who has obtained color of title by tax certificate and who did not fully comply with the statute?

While the appellants fail to follow the court rules, particularly Rule X, subd. 3c, in that no specifications of error are set forth, it is possible to frame the issues on appeal as follows:

74

Were the Olds the owners of the property in question at the time the appellants applied for a tax deed? If they were owners did they receive notice? Did the district court properly find for appellants on costs?

This court has held in a series of cases extending over fifty years that an execution sale transfers the legal title to the purchaser, leaving in the judgment debtor simply the right to redeem. Williard v. Campbell, 91 Mont. 493, 11 P.2d 782; Lepper v. Home Ranch Co., 90 Mont. 558, 4 P.2d 722; McQueeney v. Toomey, 36 Mont. 282, 92 P. 561.

This being the law controlling as to who was the owner of the property after October 27, 1959, when the respondents had executed on their judgments, it is obvious that as of that date respondents were the legal owners subject only to the Crabtrees' statutory right of redemption.

On December 7, 1959, when appellants obtained the tax certificate from the county, legal title vested in respondents, not the Crabtrees, and by statute they would have to be served, R.C.M.1947, § 84-4151. No notice was given respondents and although appellants allege the giving of notice and publication they were unable at the time of trial to produce the proof of publication required by statute to be filed with the county treasurer.

This court in Lowery v. Garfield County, 122 Mont. 571, 580, 208 P.2d 478, 483, said:

"The statute requiring what notice shall be given and the filing of the affidavit are a limitation upon the power of the county treasurer to issue the tax deed and render void any deed issued by him unless and until the statutory requirements have been fully complied with. His authority to execute the deed must be shown in and appear upon the face of the affidavit. The giving of the notice is jurisdictional and unless the requirement of the law in respect to such notice is complied with and the fact established by affidavit filed with the county treasurer the tax deed may not legally issue. The validity of the tax

deed depends upon compliance with the statute authorizing its issuance and a tax deed issued by the county treasurer is void where the notice required by the statute is not given. [Cases cited.]"

The facts hereinbefore recited in this case fall far short of either the requirements set forth by statute or the cases of this court to support a finding for the appellants.

The judgment of the district court is affirmed except as to that portion of the judgment giving the lien in the amount of $181.88 (which included the years 1955, 1956, 1957, 1958, but did not include taxes paid for 1959, 1960, and 1961) is concerned, which is amended to conform to the statute making the amount due $189.15 with interest at the rate of eight percent after December 7, 1959.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, DOYLE and ADAIR concur.