JOSEPH M. KOSEL ET AL., PLAINTIFFS AND RESPONDENTS, v.
ROBERT E. STONE AND MAVIS STONE, DEFENDANTS-
THIRD PARTY PLAINTIFFS AND APPELLANTS, v. VELMA S.
RAMIREZ ET AL., THIRD-PARTY DEFENDANTS AND RE-
SPONDENTS.

No. 10888
Submitted May 17, 1965. Decided August 25, 1965.
404 P.2d 894.

Sandall, Moses & Cavan, Valerie W. Scott (argued), Charles F. Moses (appeared), Billings, for appellants.

Neil S. Keefer (argued), Billings, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the defendants, Robert E. Stone and Mavis Stone, from a judgment entered in the district court of Yellowstone County which held that the Stones were bound by a declaration of restrictions which existed in the subdivision in which their property was located and that they may not utilize the property for any commercial use greater in scope than the use to which the property had been put since 1955.

From the record it appears that in 1954 the owners of certain lands then located outside the city limits of Billings, Montana, being about to sell a portion thereof to a corporation, entered into a declaration of restrictions with such corporation provid-

ing, among other things, that no lot in the subdivision to be platted was to be used for other than a residential purpose. The owners of the property subdivided it in accordance with legal requirements, filed the plat and in a matter of a few days thereafter filed the declaration of restrictions. Defendants admit there is a reference to the declaration of restrictions beside the notation of the subdivision plat in the Clerk and Recorder's Office. In September of 1954 the particular lots here in question were conveyed to the corporation, the deed containing this statement: "This deed is given with covenants set forth in Sec. 74-110, R.C.M.1947, subject only to patent reservations, rights of way and easements, building and use restrictions * * *." Thereafter the property changed hands and in March of 1955 was conveyed to the defendants Stone, this deed containing no mention of any building and use restrictions and the defendants contended they were unaware that the declaration of restrictions existed.

The subdivision was annexed to the City of Billings in 1960. Stone is a plumber and has always used the garage on the property in connection with his plumbing business. In 1961 Stone decided to put his property to further commercial use and he and some neighbors petitioned the city council to rezone his lots "commercial limited" and this was done on August 8, 1961.

Commencing about July 5, 1963, Robert E. Stone personally circulated among property owners in the subdivision a proposed agreement, seeking their signatures, which would in effect waive the residential requirement of the declaration of restrictions so far as the Stone property was concerned. Stone admitted that he did not mention to all the persons solicited for their signature that he intended to sell the property for use as a filling station; that it was possible that he mentioned the intended use of the property to be for an apartment house; a beauty shop, or barber shop. He did not secure the signatures of all owners of property in the subdivision and the proposed agreement was never executed.

Information getting around that Stones' property might become the site of a filling station, his neighbors brought this suit to have the declaration of restrictions declared valid and binding so that the Stones could not use the property for either his plumbing business or any other commercial purpose. Upon trial, plaintiffs consented that Stone could continue to use his garage for his plumbing business. The district court entered the judgment previously referred to.

The defendants specify that the court erred in ruling: (1) that the declaration of restrictions were covenants running with the land; (2) that the rezoning by the City does not relieve the property from the restrictions imposed by the declaration of restrictions; (3) that the evidence did not justify defendants' claim for equitable relief by reason of changes in the character of the neighborhood; (4) that the plaintiffs did not waive their right to bring this action by their failure to protest the utilization of defendants' property for a commercial purpose; and (5) that the court erred in denying defendants' motion to amend the judgment in their favor.

Turning to the first specification of error, defendants assert that under our statutes, sections 58-304 through 58-309, R.C.M. 1947, inclusive, the only covenants that run with the land are those contained in a grant of real estate and must benefit the land. The declaration of restrictions here states it was intended to run with the land but defendants contend that since it was not contained in any grant of real estate it must be regarded as simply a contract between the original owners and the corporation.

We cannot agree with defendants in this respect. The declaration of restrictions was filed on February 10, 1954, and was on file in the office of the Clerk and Recorder of Yellowstone County prior to their purchase of the property; it was referred to beside the notation of the subdivision plat in that office. The defendants' deed describes the property as certain lots in the subdivision "according to the official plat on file in the office

of the County Clerk and Recorder of said County, under Document No. 518848." Document No. 518848 in the Office of the Clerk and Recorder of Yellowstone County is the plat of the subdivision, filed February 2, 1954.

Under our recording statutes these instruments constituted constructive notice of their contents to subsequent purchasers. Section 73-201, R.C.M.1947. Since defendants' deed described the property as being located in the subdivision according to the official plat on file, the official plat becomes as much a part of the deed as if fully incorporated therein, and the same situation applies to the declaration of restrictions. See 16 Am.Jur. Deeds, § 273, p. 592.

Section 73-201, R.C.M.1947, was copied from California and that state still retains the same wording in section 1213, Cal. Civil Code, though some additional words have been added to their section which are not material here. Section 73-203, R.C.M.1947, was likewise copied from California and their Section 1215, Cal.Civil Code remains the same.

Our section 73-203, provides:

"*Conveyances defined.* The term 'conveyance,' as used in the two preceding sections, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered, or by which the title to real property may be affected, except wills."

Under similar statute the Supreme Court of California in dealing with a like situation has stated:

"The further point made by respondents is that the respondents the Kinchlows did not have either actual or constructive notice of the restrictions contained in said agreement. In support thereof respondents rely upon section 1213 of the Civil Code, which provides that every conveyance of real property properly and legally recorded is constructive notice to subsequent purchasers of its contents. Respondents contend that the agreement signed by the plaintiffs and the defendants, the Stewarts, containing said restrictions, was not a 'conveyance

of real property.' In this we think respondents are in error, as by section 1215 of the Civil Code the term conveyance as used in section 1213 of said Code embraces every instrument in writing by which an estate in real property is created, aliened, mortgaged, or encumbered *or by which the title to any real property may be affected,* except wills. This definition of 'a conveyance of real property' is sufficiently comprehensive to include the agreement which is the basis of the present controversy." Wayt v. Patee, 205 Cal. 46, 53, 269 P. 660, 663.

Our own court has defined the word "conveyance," as used in sections 73-201 and 73-203 to include a certificate of sale issued by the sheriff, Lepper v. Home Ranch Co., 90 Mont. 558, 565, 4 P.2d 722; a contract for sale of land, Piccolo v. Tanaka, 78 Mont. 445, 253 P. 890; a lease, Estate of Tuohy, 23 Mont. 305, 308, 58 P. 722; a mortgage, Angus v. Mariner, 85 Mont. 365, 278 P. 996; a reservation of a royalty, Pluhar v. Guderjahn, 134 Mont. 46, 328 P.2d 129; real estate mortgage extension agreement, Hastings v. Wise, 91 Mont. 430, 8 P.2d 636. See also Annotation in 4 A.L.R.2d 1419, "Agreement between real-estate owners restricting use of property as within contemplation of recording laws."

As to the contention that restrictions must benefit the land, the Supreme Court of Oklahoma in dealing with a case wherein the plat and dedication contained a restriction, stated:

"But, if restrictions in a dedication of a townsite are clearly expressed, and are not repugnant to positive law, they are binding upon all parties purchasing the land. However, it should be remembered and taken into account that such restrictions as here considered are not intended wholly to deprive the grantees of some specified beneficial use of the property, *but are intended primarily to redound to the mutual benefit and profit of the owners of the land.* Southwest Petroleum Co. v. Logan, 180 Okl. 477, 71 P.2d 759. Restrictions of the character here considered could be meant for nothing other than for the common benefit of the purchasers of the lots. The purchasers having assented

to such restrictions, they and their assigns may ordinarily enforce them inter sese for their own benefit." (Emphasis supplied.) Magnolia Petroleum Company v. Drauver, 183 Okl. 579, 581, 83 P.2d 840, 842, 119 A.L.R. 1112.

Defendants cite Orchard Homes Ditch Co. v. Snavely, 117 Mont. 484, 488, 159 P.2d 521, in support of their position that covenants running with the land must be contained in the grant of real property. In that case it is stated: "But under statute like ours there can be no covenant running with the land when it is not contained in the grant of the real property to be charged." (Citing our present sections 58-304 and 58-305, R.C.M.1947.)

That action was brought to recover charges for water furnished for irrigation and to foreclose liens therefor. It appeared that a tract of land was platted and the particular lot in question was deeded in 1902 to the predecessor in interest of the appellant. On the same day the promoter of the subdivision conveyed to the predecessor five miner's inches of water previously appropriated, with a proportionate interest in the diversion and distribution system, subject to the duty of contributing proportionately to the maintenance and operation of the system. The district court found that the right to receive the benefit of irrigation was appurtenant to the land and the reciprocal burden of the proportionate cost of operation if it were not paid was a lien and entitled to be enforced.

Clearly the issue there before the court lacked facts here present; there was no notice of a recorded declaration of restrictions and incorporation by reference such as exist here. Various quotations appearing in that opinion would be applicable here but it would unduly lengthen this opinion to further discuss them. The case is easily distinguishable under the facts from the situation here.

As to the second specification there is no merit since a zoning law cannot supersede lawful restrictions affecting its use for business purposes. See 58 Am.Jur., Zoning, § 4, p. 942;

14 Am.Jur., Covenants, Conditions and Restrictions, § 299, p. 646; Annotations appearing in 48 A.L.R. 1437 and 54 A.L.R. 843; Ludgate v. Somerville, 121 Or. 643, 256 P. 1043, 54 A.L.R. 837.

 The third specification deals with the finding by the court that the evidence was insufficient to justify defendants' claim for equitable relief by reason of changes in the character of the neighborhood. We do not deem it necessary to enter into an extended discussion in this particular. This is an equity case and no citation of authority is necessary that the findings of the district court should not be reversed except where the evidence clearly preponderates against them. While the evidence here is in some conflict it was resolved by the district court and its findings are supported by substantial evidence.

 As to the fourth specification the general rule appears to be that whether there has been such acquiescence as to defeat the enforcement of a valid restriction depends upon the circumstances of each case and the character and materiality of the permitted breach. See 14 Am.Jur., Covenants, Conditions and Restrictions, §§ 295, 296, 297 and 298. Here again, the court found for the plaintiffs and in our opinion such finding is based upon substantial evidence and should be upheld.

The fifth specification requires no discussion in view of what has been heretofore said.

The judgment is affirmed.

MR. JUSTICES DOYLE, ADAIR, JOHN C. HARRISON and CASTLES concur.