[No. 2409-1.    Division One.    December 23, 1974.]

JANE FENTON, *Respondent*, v. CONTEMPORARY DEVELOPMENT
Co., INC., *et al., Appellants.*

*Richard W. Grant*, for appellants.

*Riach, Gese, Seather & Mueller* and *Vern J. Seather*, for respondent.

HOROWITZ, J.—Defendant-appellants, Contemporary Development Co., Inc., a contractor, and Great American Insurance Co., its insurance carrier, appeal a judgment for plaintiff for the return of the purchase price paid for the purchase of a mobile home from defendants.

The controlling facts are set forth in the findings we are required to accept as verities.[1] The findings state defendant contractor is a Washington corporation, licensed to do busi-

---

[1]The findings are not set forth in appellants' brief as required by CAROA 42(g)(1)(iii) and CAROA 43. They are not contained in the transcript, but are reproduced as an appendix to respondent's brief. Appellants make no claim the findings are not correctly so reproduced.

ness in the state of Washington, and that defendant Great American Insurance Co. has furnished a contractor's bond to plaintiff pursuant to RCW 18.27. The findings further state:

III

That on or about March 10, 1972, the plaintiff, Jane Fenton, contracted with the defendant for the manufacture and purchase of a mobile home for the purchase price of $8,598.00, plus tax in the amount of $424.90, which price and tax were paid by the plaintiff to the defendant.

IV

That at the time of its delivery to the plaintiff on or about May 15, 1972, said mobile home contained numerous faults and defects which included:

1. Improper installation of aluminum siding.
2. Improper installation of windows and doors.
3. Warped front door.
4. Improperly sealed and insulated water tank compartment.
5. Lack of caulking in the shower enclosure.
6. Improperly designed and installed cupboards.
7. Generally poor workmanship through the mobile home.

V

That as a result of the numerous faults and defects, the mobile home delivered to the plaintiff by the defendant failed to conform to acceptable standards of quality and workmanship, and, therefore, did not conform to the terms of the contract between the plaintiff and defendant.

VI

That on or about May 31, 1972, the defendant received notice of certain of said faults and defects through correction notices sent to it by the Mobile Home Section of the State Department of Labor and Industries.

VII

That the plaintiff accepted delivery of the mobile home on the assumption that its defects would be reasonably cured, and that assumption was reasonable under the circumstances.

VIII

That the defendant had opportunity to, and did on

numerous occasions attempt to, cure certain of said faults and defects, but failed so to do.

### IX

That the numerous faults and defects in the mobile home, and the defendant's failure reasonably to cure same, substantially impaired the value of the mobile home to the plaintiff.

### X

That upon the defendant's continuing inability to cure said faults and defects, the plaintiff gave notice on or about December 21, 1972, of her revocation of acceptance by refusing to allow the defendant to perform any further work on the mobile home and by the institution of this suit; and that said notice was reasonably given under the circumstances.

### XI

That it would have been a fruitless act to allow defendant to try to correct defects other than those referred to in the Department of Labor and Industries correction notices because of Defendant's past failures to correct.

From the facts found the court concluded plaintiff "effectively and reasonably revoke[d] her acceptance of the mobile home under R.C.W. 62A.2-608" (Conclusion of law No. 2.), and that plaintiff should recover judgment against defendants in the amount claimed. The amount claimed and adjudged is a sum equal to the purchase price paid, including sales tax and costs. Defendants appeal.

■ Defendants make six assignments of error. Insofar as the assignments and argument are predicated upon the insufficiency of evidence to support the findings of fact and the conclusions of law entered below, we are unable to pass upon the questions because we are bound by the findings. However, following the rationale of cases such as *In re Estate of Whittier*, 26 Wn.2d 833, 176 P.2d 281 (1947), and *Moore v. Spokane*, 88 Wash. 203, 152 P. 999 (1915), we treat the assignments of error as argued sufficient to raise the basic question whether the conclusions of law follow from the facts found. We find no error and affirm.

The court below concluded plaintiff revoked her acceptance of the mobile home pursuant to RCW 62A.2-608. The last-mentioned statute provides:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it

(a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

(b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

The above-quoted findings of fact, including findings Nos. 7, 9 and 10, render the statute applicable.

Defendants particularly contend the required notice of revocation of acceptance has not been given in the manner required by RCW 62A.2-608 (2). Defendants argue the two reasons assigned in finding of fact No. 10 do not constitute compliance with the statute. The reasons are (1) plaintiff's refusal to allow defendant contractor to perform any further work on the mobile home, and (2) the institution of this suit to recover the sum paid for the mobile home. We do not agree with defendants.

RCW 62A.2-608 (1), (2) do not require the notice be in any particular form. *Hays Merchandise, Inc. v. Dewey*, 78 Wn.2d 343, 474 P.2d 270 (1970). Moreover, the notice may be implied in fact from conduct. The use of conduct for that purpose is supported in principle by cases in which conduct is used to manifest an election and notice to rescind. *Ford Pitt Bridge Works v. Commissioner*, 92 F.2d 825 (3d Cir. 1937). *See Broome Constr. Co. v. Beaver Lake Recreational Center, Inc.*, 229 So. 2d 545 (Miss. 1969). *See generally* 1 R. Anderson, *Uniform Commercial Code* § 1-

201:82 (2d ed. 1970); 5A A. Corbin, Contracts § 1218 (1964); 17A C.J.S. Contracts § 435 (1963); Restatement of Contracts § 381, comment d (1932); 12 S. Williston, Contracts § 1469 (3d ed. 1970). Accordingly, it has been held that a purchaser's refusal to permit the seller to make repairs may be sufficient notice of rescission. Marks v. Lehigh Brickface, Inc., 19 Pa. D. & C.2d 666, 674 (Dauphin County 1959), treated as supporting the rule that it is sufficient as notice of revocation of acceptance in 2 R. Anderson, Uniform Commercial Code § 2-608.16 (2d ed. 1971, Supp. 1973-74). Furthermore, the commencement of suit to reclaim the purchase price is also sufficient notice of rescission. Limoli v. Accettullo, 358 Mass. 381, 265 N.E.2d 92 (1970). See 5A A. Corbin, supra; 17A C.J.S., supra; Restatement of Contracts, supra; 12 S. Williston, supra.

The court had a right to find plaintiff's conduct under the circumstances here constituted the necessary notice of revocation of acceptance required by RCW 62A.2-608(2). There were "numerous faults and defects" in the mobile home as delivered (Findings of fact Nos. 4, 5.); defendant contractor, after opportunity so to do, failed to cure the faults and defects (Finding of fact No. 8.); because of defendant's "past failures to correct" and defendant's "continuing inability to cure said faults and defects," it "would have been a fruitless act to allow defendant to try to correct [said] defects . . ." (Findings of fact Nos. 10, 11.). The conclusion reached makes it unnecessary to pass on plaintiff's alternative contention that the judgment can also be affirmed on the theory of rescission.

■ Defendants contend the court erred by awarding plaintiff $424.90 (sales tax on the purchase price) more than plaintiff prayed for in her complaint. The evidence of the payment of the sales tax came in without objection. Under CR 15(b), pleadings are deemed amended to conform to evidence introduced without objection. Meeker v. Howard, 7 Wn. App. 169, 499 P.2d 53 (1972).

Defendants contend the purchase price, exclusive of the sales tax, was $8,498 and not $8,598 found in finding of fact

No. 3. In effect defendants contend that finding No. 3 is not supported by the evidence. We are bound by the finding because it is not set out in appellants' brief as required by CAROA 42 (g) (1) (iii) and CAROA 43.

Affirmed.

SWANSON, C.J., and FARRIS, J., concur.

Petition for rehearing denied February 5, 1975.

Review denied by Supreme Court April 29, 1975.