[No. 1223-43051-3.   Division Three.   May 9, 1975.]

ST. LUKE'S EVANGELICAL LUTHERAN CHURCH OF COUNTRY HOMES *et al, Appellants,* v. HUBERT R. HALES *et al, Respondents.*

*Cooper & Roberts* and *R. Maurice Cooper*, for appellants.
*Kain & Snow* and *George A. Kain*, for respondents.

MUNSON, J.—Twelve plaintiffs seek to have a restrictive covenant removed from their property deeds which, when platted in 1922, read as follows: "No buildings erected on said tracts shall ever be used for business purposes of any kind."

The defendants are the remaining owners of property within the platted area, designated as Country Homes Estates, which contains approximately 500 separate lots. The plaintiffs' properties are located adjacent to Division Street, approximately one-half mile north of the city limits of Spokane, although they are not abutting one another. Some of the plaintiffs, without actual knowledge of the restrictive covenant, have utilized, and are utilizing, their property for business purposes, *i.e.*, automobile repair shop in a private garage, nursery, greenhouse, swimming pool business, to name a few. The Newport Highway, which connects with Division Street in a northeasterly direction, has adjacent to it about six businesses located within the platted area. One of the plaintiffs, St. Luke's Evangelical Lutheran Church, is desirous of selling a portion of its property, and ostensibly has a purchaser who desires to establish a business use thereon.

The trial court denied plaintiffs' request; they appealed alleging: (1) a significant change in the residential nature of the area has occurred and the enforceability of the covenant is inequitable, unreasonable and oppressive; (2) the defendants have been guilty of laches for failure to previously seek enforcement of the covenant; (3) a 1955 judg-

ment entered in the Superior Court for Spokane County, releasing two lots from the restrictive covenant, is res judicata in this case; (4) the court erred in requiring a greater burden of proof to remove a restrictive covenant than to enforce one; and (5) erred in admitting certain testimony. We affirm.

### CHANGE IN CHARACTER OF THE NEIGHBORHOOD

Since 1922, Division Street has been widened to four lanes. Businesses have proliferated south of this particular plat, but not to the same extent within the plat. The trial judge made a personal inspection of the area and ultimately found:

Finding of fact No. 10:

Even the neighborhood abutting Division Street still has a generally residential characteristic, and except for property owned by the Plaintiffs herein, is residential in character and present use.

Finding of fact No. 11:

The business ventures and operations within the platted area are not of sufficient magnitude when considered with the size of the platted area to constitute a radical change in the conditions within the platted area, which would thereby defeat the objects and purposes of the restrictive covenants.

These findings of fact are not set forth as required by CAROA 42(g)(1)(iii) and CAROA 43. Though those challenged are set forth in plaintiffs' reply brief, we cannot review them. *Coons v. Coons*, 6 Wn. App. 123, 125, 491 P.2d 1333 (1971), requires such findings be treated as verities. However, we will examine the findings to determine if they support the conclusions of law as found by the trial judge.

Before affirmative relief by way of cancellation or modification of a restrictive covenant is available, a material change in the character of the neighborhood must have occurred so as to "render perpetuation of the restriction of no substantial benefit to the dominant estate and to defeat the object or purpose of the restriction." Annot., 4 A.L.R.2d

1111, 1119 (1949); *Mt. Baker Park Club, Inc. v. Colcock*, 45 Wn.2d 467, 275 P.2d 733 (1954); *Finn v. Emmaus Evangelical Lutheran Church*, 329 Ill. App. 343, 68 N.E.2d 541 (1946); *Chevy Chase Village v. Jaggers*, 261 Md. 309, 275 A.2d 167 (1971); *Eilers v. Alewel*, 393 S.W.2d 584 (Mo. 1965); *Albino v. Pacific First Fed. Sav. & Loan Ass'n*, 257 Ore. 473, 479 P.2d 760 (1971); *Ireland v. Bible Baptist Church*, 480 S.W.2d 467 (Tex. Civ. App. 1972), *cert. denied*, 411 U.S. 906, 36 L. Ed. 2d 195, 93 S. Ct. 1529 (1973); 7 G. Thompson, *Real Property* § 3174 (J. Grimes Replacement 1962); 5 R. Powell, *Real Property* § 684 (1974).

Essentially, this determination is one of fact. Our review reveals that the findings support the conclusions of law and the ultimate disposition made by the trial court. While increased traffic, zone changes, and property evaluations are matters to be considered, they are not controlling. *Staninger v. Jacksonville Expressway Authority*, 182 So. 2d 483 (Fla. App. 1966) 22 A.L.R.3d 950; *Goodwin Bros. v. Combs Lumber Co.*, 275 Ky. 114, 120 S.W.2d 1024 (1938); *Kosel v. Stone*, 146 Mont. 218, 404 P.2d 894 (1965); 7 G. Thompson, *Real Property, supra*; 5 R. Powell, *Real Property, supra*.

## Laches

■ The trial court specifically found for the defendants on the issue of laches in that the residents, although not necessarily the same residents in each instance, had opposed the proposed changes in land-use classification within the platted area in the 1955 case, as well as before the Spokane County Planning Commission. The trial court's findings being verities, *Reading v. Keller*, 67 Wn.2d 86, 91, 406 P.2d 634 (1965); *Fenton v. Contemporary Dev. Co.*, 12 Wn. App. 345, 529 P.2d 883 (1974); *Union Bank v. Kruger*, 1 Wn. App. 622, 463 P.2d 273 (1969), and supported by substantial evidence, this contention is without merit.

## Res Judicata

■ In 1955, the Spokane County Superior Court did remove the restrictive covenant from two lots following a hearing. There the plaintiffs served 10 residents, sought and

received from the court an "ORDER PERMITTING THE PLAIN-TIFFS TO SUE THE NAMED DEFENDANTS NOT ONLY INDIVIDU-ALLY BUT AS VIRTUAL REPRESENTATIVES OF THEIR CLASS." As to the lots involved in that action, res judicata is applicable. The court did not remove the restrictive covenant as to the balance of the lots within the plat, though one of the two lots then in issue is on Division Street, and separated from the Sicilia property by Division Street. It is possible to relieve some lots from the restrictive covenants without affecting the remaining lots. *Keywell v. Newman,* 332 Mich. 619, 52 N.W.2d 233 (1952); 5 R. Powell, *Real Property, supra.*

One of the defendants, a realtor, was a defendant in a 1955 action for removal of the restrictive covenant from two lots. He is a former member of the Spokane County Planning Commission, and, in addition, has sold at least one of the plaintiffs a lot, knowing that the purchaser intended to conduct a business thereon. However, this individual comprises but one lot owner out of nearly 500. His actions cannot, of themselves, bind all other owners similarly situated. *Polk Manor Co. v. Manton,* 274 Mich. 539, 265 N.W. 457 (1936); *Wallace v. St. Clair,* 147 W. Va. 377, 127 S.E.2d 742, 756 (1962). The facts and "circumstances of each case and the character and materiality of the permitted breach" are controlling. *Kosel v. Stone, supra* at 225; *Chevy Chase Village v. Jaggers, supra; cf.* 20 Am. Jur. 2d *Covenants, Conditions, and Restrictions* § 275 (1965).

The property therein involved, not being the subject of this action, res judicata is not applicable. *Bordeaux v. Ingersoll Rand Co.,* 71 Wn.2d 392, 429 P.2d 207 (1967); *Meder v. CCME Corp.,* 7 Wn. App. 801, 502 P.2d 1252 (1972).

### BURDEN OF PROOF

■■ The trial court cited the following passage from Annot., 4 A.L.R.2d 1111, 1116 (1949):

Although the same general rules and principles herein-above set forth are applicable both in actions to remove or modify restrictive covenants and in those to enjoin a

breach of the restrictions, the courts apply them with greater strictness in actions seeking cancellation or modification, . . . .

While the plaintiffs assign error to this statement in the court's oral opinion, they cite no authority to the contrary. In the absence of supporting authority, an assignment of error will not be reviewed unless such is meritorious on its face. *State v. Waldenburg*, 9 Wn. App. 529, 513 P.2d 577 (1973); *State v. Alden*, 73 Wn.2d 360, 438 P.2d 620 (1968). Once the covenant is operative, it does not take a significant quantity or quality of evidence to establish a violation, *i.e.*, in this instance the establishment of a business. However, to modify or remove such a covenant usually requires evidence sufficient to establish:

(1) merger, (2) release, (3) a new covenant releasing or modifying the restriction, (4) abandonment, (5) acquiescence, laches and estoppel as personal defenses, [or] (6) such a [radical] change in neighborhood conditions as to defeat the purpose of the original restriction and as to make equitable interference unjust and futile.

7 G. Thompson, *Real Property, supra*; *cf.* Wiehl, *Our Burden of Burdens*, 41 Wash. L. Rev. 109 (1966). We find no merit to this assignment of error.

## EVIDENCE

Plaintiff contends the court allowed inadmissible hearsay testimony to be heard. The assignment is without merit. This was a trial to the court; the objection was not based on hearsay, but went to relevancy, and further was not prejudicial to the plaintiffs.

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied June 25, 1975.

Review denied by Supreme Court November 5, 1975.