No. 80-08

IN THE SURPEME COURT OF THE STATE OF MONTANA

1980

---

DAVID REICHERT and IRENE L. REICHERT,

Plaintiffs and Appellants,

-vs-

WILLIAM WEEDEN, MARINETTE WEEDEN, JAMES HERTZ,
CONSTANCE HERTZ, PAUL STRAW, et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, The Honorable
Robert H. Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Berger, Anderson, Sinclair & Murphy, Billings, Montana
Donald Molloy argued, Billings, Montana

For Respondent:

Crowley, Haughey, Hanson, Toole & Dietrich,
Billings, Montana
Jack Ramirez argued, Billings, Montana

---

Submitted: September 12, 1980

Decided: NOV 3 - 1980

Filed: NOV 3 1980

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Thirteenth Judicial District which upheld the validity of a document entitled "Agreement and Land Use Restrictions" and granted summary judgment allowing the agreement to be enforced by the defendants against the plaintiffs.

We will address the following issues on this appeal:

1. Whether a valid and enforceable covenant running with the land can be created by written agreement and in the absence of a formal "grant" of an estate in land, and whether the covenants contained in the written agreement between the parties were intended to and do run with the land, so that plaintiffs and any subsequent purchasers or assignees are obligated to perform those covenants.

2. Whether the written agreement between the parties purporting to be restrictions on land use violates a statute which prohibits a contract in restraint of trade.

Plaintiffs, the Reicherts, own property in Yellowstone County upon which they operate a restaurant and bar known as the Echo Inn. Plaintiffs acquired this property in 1970 by a warranty deed. Defendants are various resident landowners in the vicinity of the Echo Inn, although none of them own land immediately adjacent thereto.

In 1969 plaintiffs applied for a liquor license for the premises, which was conditionally approved. Defendants filed a complaint with the Montana Liquor Control Board in 1970 protesting the approval of plaintiffs' application. The Board denied their request for relief. Defendants then appealed to the District Court, and during the pendency of the action, the liquor license application was stayed.

Defendants and other area landowners proceeded simultaneously on a second front by filing a petition with the Yellowstone County Commissioners for the creation of a county planning and zoning district. Such a district was created on August 25, 1970, and thereby prohibited use of any property within the district--including the Echo Inn--for any use other than single family residential. Plaintiffs appealed the resolution of the County Commissioners creating the zoning district to the District Court.

In settlement of these controversies, the parties entered into an agreement on December 28, 1970, pursuant to which defendants consented to judgment in the pending District Court actions and agreed not to challenge the use of the property as a restaurant and bar for a period of ten years. This agreement was recorded and provides that the plaintiffs' property shall not be used for the sale of beer or liquor after January 1, 1981, and that the covenants "shall run with the land and bind the present owners and their heirs and assigns." (Emphasis supplied.) Plaintiffs brought this action in 1979 to have the agreement declared void and not enforceable.

The pertinent section of the agreement states:

"IT IS FURTHER AGREED, that the covenants, promises, and restrictions set forth in this agreement shall run with the land and bind the present owners, their heirs and assigns; and any and all parties claiming by, through, or under them, shall be taken to agree and covenant with each of the parties to this agreement, his heirs and assigns, to conform to the covenants, promises, and restrictions as to the use of the above described real property and the improvements thereon. Each of the parties to this agreement, his heirs and assigns, shall have the right to sue for and obtain an injunction, prohibitive or mandatory, to prevent the breach of, or to enforce

the observance of, the covenants, promises, and restrictions set forth above, in addition to the ordinary legal action for damages; and the failure of any of the parties, his heirs and assigns, to enforce this agreement at the time of any violation thereof shall not be construed as a waiver of the right to do so. The restrictions contained herein concerning the use of the above described real property and the improvements thereon cannot be changed without the unanimous written consent of all of the parties to this agreement, their heirs and assigns, said consent to be duly acknowledged and recorded in the office of the Clerk and Recorder of Yellowstone County, Montana. The term 'heirs and assigns' as used in this agreement shall include the devisees and trustees of the parties." (Emphasis added.)

The agreement's purpose and scope is clear. The document's lengthy and detailed nature precludes any challenge as to its meaning or the intent of the parties.

The "Agreement and Land Use Restrictions" voluntarily entered into almost ten years ago by the parties, each with the advice of counsel, is valid and binding on each of the parties and to their successors in interest. The agreement was expressly intended to constitute a covenant running with the land and to bind the present owners, their heirs and assigns. Having been filed as a matter of record in Yellowstone County, that agreement is, in fact, a covenant running with the plaintiffs' property and created a negative easement in favor of defendants.

The present dispute arises when plaintiffs, owners of the servient tenement, contends that a "grant" of an estate is a statutory requirement for the creation of a covenant running with the land, and since defendants did not grant an interest of the land to plaintiffs, the agreement is not enforceable. Section 70-17-201, MCA, states:

"Certain covenants contained in grants of estates in real property are appurtenant to such estates and pass with them so as to bind the assigns of the covenantor and to vest in the assigns of the

-4-

covenantee in the same manner as if they had personally entered into them. Such covenants are said to run with the land."

Section 70-17-203(1), MCA, states:

"Every covenant contained in a grant of an estate in real property, which is made for the direct benefit of the property or some part of it then in existence, runs with the land."

Plaintiffs insist that no covenant runs with the land and will not be binding unless certain words are contained in the document. Since those words are not found in this document, they maintain that no grant of an estate in real property took place, and the covenants do not run with the land. We disagree.

Plaintiffs were aware of their actions, and their intent was clear. Not only did they grant away a present interest, but also a future interest that will bind their heirs and assigns. This interest in the land is the right to sell liquor or operate a bar on the land after a particular date. Plaintiffs took away from the land that interest and conveyed it to defendants by means of a written, recorded agreement. They gave away an interest in the land by creating a negative easement binding not only themselves, but their heirs and assigns.

Montana recognizes negative easements. Northwestern Improvement Co. v. Lowry (1937), 104 Mont. 289, 66 P.2d 792. A negative easement created by an agreement, a deed or a lease is enforceable against grantees or purchasers of the servient tenement. Easements may be created by a contract or covenant; such agreements are grants in effect. Montana statutes allow for the creation of covenants and easements governing the right to transact business on land. Section 70-17-101(6), MCA.

Plaintiffs' present claims that the magical words "grant or convey" were not used, cannot now be used by them to set aside that which the parties intended and later entered into.

> "The term 'conveyance' as used [here] . . . embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered or by which the title to real property may be affected . . ." Section 70-21-301, MCA.

This definition of a conveyance of real property is sufficiently comprehensive to include the written agreement that placed a covenant on the real property which is the basis of the present controversy. Kosel v. Stone (1965), 146 Mont. 218, 404 P.2d 894. A negative easement can be created by a grant or agreement, the agreement being construed as a grant, and is binding upon purchasers of the servient tenement who have actual or constructive notice of it.

In an earlier Montana case, Orchard Homes Ditch Co. v. Snavely (1945), 117 Mont. 484, 489, 159 P.2d 521, 523, in comparing the similarities of present California law with Montana law, this Court quoted favorably from a treatise interpreting the California law.

> ". . .although the Code of California provides that a covenant can not be made to run with the land except where such covenant is made in connection with and as a part of the conveyance or transfer of the land itself, an express agreement that such a covenant shall run with and bind the land is effectual. . ." (Emphasis added.)

Thus, a negative easement may be created by an agreement executed by an owner of the servient tenement, just as it may be created through a conveyance or a lease. The easement is attached to the land and binds all subsequent purchasers who have constructive notice of the

-6-

easement. The written agreement creating the negative easement is recorded; all subsequent purchasers have constructive notice thereof, and the easement may be enforced against them. See Northwestern Improvement Co. v. Lowry, supra.

Finally, plaintiffs contend the "Agreement and Land Use Restrictions" at issue restrains plaintiffs from exercising a lawful profession and, as such, is void as a violation of section 28-2-703, MCA:

> "Any contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided for by section 28-2-704 or 28-2-705, is to that extent void."

We do not find any credence in this argument. The agreement created a negative easement on a particular piece of property. The restrictive covenants run with the land and not with plaintiffs. The restrictive covenants' purpose is not designed to prevent competition. Their purpose is to insure that the area remains as single family residential. A recognized restraint of the right to do business does exist with the proper creation of a negative easement. Northwestern Improvement Co. v. Lowry, supra. The agreement is not merely a personal contract between the parties, but creates a property interest which is not within the scope of the statute. Plaintiffs are not restricted from conducting a lawful profession. On the contrary, its purpose is to limit a particular conduct on a particular piece of land. The agreement between the parties does not restrict plaintiffs' ability to conduct any trade or business and does not purport to prevent plaintiffs from engaging in the business of selling alcoholic beverages. If plaintiffs wish

to transfer their license to another location, or apply for a new license for another location, they are free to do so. The agreement between the parties only states that plaintiffs may not use their piece of property in Echo Canyon for the operation of a liquor business.

Affirmed.

_____
                              Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices