## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

REPUBLIC CREDIT ONE, LP, a limited partnership, )

    Appellant/Cross Respondent, )

    v. )

QUEEN ANNE BUILDERS, LLC, a Washington limited liability company; SEATTLE SIGNATURE HOMES, INC., a Washington corporation; ANDY RYSSEL, an individual and the marital community of ANDY RYSSEL and RENEE RYSSEL; )

    Respondents, )

JOHN H. BARGREEN, an individual and the marital community of JOHN H. BARGREEN and TERI O. BARGREEN, )

    Defendants, )

CROWN DEVELOPMENT, INC., a Washington corporation; CORY J. BURKE and GENEANNE G. BURKE, and the marital community composed thereof; GREG H. BLUNT, an individual and the marital community of GREG H. BLUNT and JILL BLUNT, )

    Respondents/Cross Appellants. )

No. 68878-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 31, 2014

GROSSE, J. — A creditor is not barred from bringing an action against guarantors of a secured note simply because the same guarantors were found liable for a separate unsecured loan. This is particularly true where this court has already upheld a trial court's finding that the guarantors involved here executed two different documents. The

trial court erred in finding that res judicata barred the claims against the guarantors. We reverse and remand.

## FACTS

Republic Credit One, LLC (Republic) commenced this lawsuit against guarantors Andy and Renee Ryssel, Cory and Geneanne Burke, Greg and Jill Blunt, and John and Teri Bargreen (collectively Burke)[1] for a deficiency judgment after Shoreline Bank nonjudicially foreclosed its deed of trust on property purchased by Queen Anne Builders, LLC (Queen Anne) in 1999.

In 2007, Queen Anne refinanced the property with a $1,515,000.00 loan (Loan 4190) from Shoreline Bank. As collateral for Loan 4190, Queen Anne granted a deed of trust to Shoreline Bank in real property commonly known as 2554-2556 14th Avenue West, Seattle, Washington, 98103. The deed of trust was recorded in King County on or about March 8, 2007, under Auditor's No. 20070308002203. Burke signed a personal guarantee for Loan 4190 that was secured by the deed of trust. Loan 4190 matured on November 8, 2008. Shoreline Bank agreed to extend the maturity date of Loan 4190 to May 8, 2010. In return, because the property was appraised at less than the loan's value, the bank required that Loan 4190 be paid down, interest reserves setaside during that time, and that all real property taxes be paid current. To do so, Queen Anne executed an unsecured loan for $500,000.00 (Loan 2545), which Burke also guaranteed.

Queen Anne defaulted on both loans. In a separate action a jury found Burke liable for the sums owed on Loan 2545, the unsecured loan. There, Burke argued that

---

[1] John and Teri Bargreen have been dismissed from this suit and are no longer parties. Republic has dismissed its appeal of the Bargreen dismissal.

the foreclosure of Loan 4190 precluded the bank from bringing an action to recover on the unsecured promissory note for Loan 2545. The trial court disagreed and ruled as a matter of law that the foreclosure action on Loan 4190 did not preclude the bank from bringing its action to recover on the promissory note for the $500,000.00 in Loan 2545. Burke appealed the trial court's ruling and in an unpublished case, this court upheld the trial court's ruling holding that the two loans were separate and distinct.[2] Burke now argues that the action to recover monies for the default from Loan 2545 precludes the recovery of a deficiency judgment for the foreclosed Loan 4190. Burke moved for summary judgment contending that Republic's predecessor, Shoreline Bank, impermissibly split claims. The trial court dismissed on summary judgment. Republic as the successor in interest appeals.

The trial court erred in determining that the action was barred by the claim-splitting doctrine of res judicata. "'Filing two separate lawsuits based on the same event—claim splitting—is precluded in Washington.'"[3] The doctrine of res judicata, which ensures finality of court decisions, bars litigation of claims that either were, or should have been, litigated in a former action.[4] The party asserting res judicata must demonstrate that the action involves the same subject matter, cause of action, persons or parties, and quality of persons as a prior adjudication.[5] Whether res judicata bars an action is a question of law we review de novo.[6]

---

[2] GBC Int'l Bank v. Queen Anne Builders, LLC, noted at 175 Wn. App. 1015 (2013).
[3] Ensley v. Pitcher, 152 Wn. App. 891, 898, 222 P.3d 99 (2009) (quoting Landry v. Luscher, 95 Wn. App. 779, 780, 976 P.2d 1274 (1999)).
[4] Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995).
[5] Williams v. Leone & Keeble, Inc., 171 Wn.2d 726, 730, 254 P.3d 818 (2011).
[6] Berschauer Phillips Constr. Co. v. Mutual of Enumclaw Ins. Co., 175 Wn. App. 222, 227, 308 P.3d 681 (2013).

The claims here are not based on the same cause of action. As we have already held, there are two separate and distinct loans. Here, the guarantors signed a guarantee for Loan 4190 which was secured by the deed of trust as well as a separate and distinct guarantee for a $500,000.00 unsecured loan. The loans were signed separately at different times.

The cases Burke relies on to support the claims were barred are factually distinguishable. In Landry v. Luscher,[7] the plaintiffs obtained a judgment in small claims court for property damage from an automobile accident involving the parties, then attempted to bring an action in superior court for personal injury arising out of the same accident. The court barred the action on res judicata grounds, finding that the plaintiffs had improperly split their claims. The facts in Landry are quite distinct from those at issue here. There, the actions were undeniably identical in subject matter and causes of action. Here, the first lawsuit against Burke involved non-payment of the unsecured debt, a separate and distinct loan. There is no identity of subject matter. Burke also misreads Karlberg v. Otten.[8] The issue in Karlberg was whether a litigant could bring successive identical quiet title actions seeking to move the boundary to expand acreage on the same parcel of property. This case is more closely aligned with those cases cited by Karlberg finding that the same subject matter is not involved in separate actions to quiet property in two separate and distinct pieces of property.[9] Likewise here, there

---

[7] 95 Wn. App. 779, 780, 976 P.2d 1274 (1999).

[8] 167 Wn. App. 522, 532, 280 P.3d 1123 (2012) (no waiver where "Karlberg's second suit came after judgment was granted in the first case").

[9] Karlberg, 167 Wn. App. at 536 ("In general, two separate actions to quiet property in two separate and distinct pieces of property do not involve the same subject matter."); see St. Luke's Evangelical Lutheran Church of Country Homes v. Hales, 13 Wn. App. 483, 487, 534 P.2d 1379 ("The property therein involved, not being the subject of this

4

are two separate loans. Accordingly, the present suit is not precluded on res judicata grounds.

We remand for further proceedings. Because the prevailing party remains to be decided, Republic is not yet entitled to costs or fees on appeal. If Republic prevails on remand, it will be entitled to the reasonable costs and fees it incurred in this appeal. On remand the trial court may wish to have the parties address whether two recent appellate decisions, Washington Federal v. Gentry[10] and First-Citizens Bank & Trust Co. v. Cornerstone Homes & Development, LLC,[11] are applicable.

Burke cross appeals the trial court's denial of his attorney fees. Because Burke is not the prevailing party below, he is not entitled to attorney fees. We reverse the trial court's summary judgment dismissal and remand for further proceedings.

WE CONCUR:

---

action, res judicata is not applicable."), rev. denied, 86 Wn.2d 1003 (1975); see also Ollison v. Village of Climax Springs, 916 S.W.2d 198, 201 (Mo.1996) ("In successive quiet title actions involving the same parties or their privies, a judgment in the first action is not res judicata with respect to the second action if the land involved in the second action is separate and distinct from the land involved in the first action."). The above cases, however, involve parcels of land that are separate and distinct. In this case, there were two adjoining properties, and the only question was where to draw the boundary line. "The question presented is whether a litigant may bring successive identical quiet title actions involving a disputed boundary, each time seeking to move the boundary so as to expand his own acreage." Karlberg, 167 Wn. App. at 536.

[10] No. 70004-9, 2014 WL 627817 (Wash. Feb. 18, 2014).
[11] 178 Wn. App. 207, 314 P.3d 420 (2013).