McNAIR *v.* RAYMOND.

1. COVENANTS—INJUNCTION—BUILDING RESTRICTIONS—FINDING OF FACTS SUPPORTED BY RECORD.

> In a suit by property owners to enjoin the violation of a building restriction requiring dwelling houses on the subdivision to be placed not less than 20 feet back from the front line, the finding of the court below on the facts in favor of plaintiffs, *held*, supported by the record.

2. SAME—ESTOPPEL.

> Minor infractions of said restriction by plaintiffs, consisting of encroachments of a few inches on said 20 feet, but insufficient to change the general conditions and character of the subdivision, *held*, not to operate as an estoppel

On the question as to what part of a structure must be beyond the line to constitute a violation of a building restriction, see note in 52 L. R. A. (N. S.) 1044.

to plaintiffs' right to enforce the restriction, the breach of which threatened to diminish materially the value and desirability of their property.

3. INJUNCTION—LACHES—DELAY.

Where plaintiffs repeatedly warned defendant that his proposed action constituted a breach of the building restriction, and that they protested against it, mere delay in instituting injunction proceedings until defendant had made considerable progress with his building did not amount to laches.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 24, 1921. (Docket No. 122.) Decided October 3, 1921.

Bill by John W. McNair and others against Vard S. Raymond to enjoin a violation of certain building restrictions. From a decree for plaintiffs, defendant appeals. Affirmed.

*Keena, Lightner, Oxtoby & Hanley,* for plaintiffs.

*Entenza & Gramer* (*Hugh C. Chedester,* of counsel), for defendant.

STONE, J. The parties are owners of lots in Freud's Fox Creek subdivision on Ashland avenue in Detroit, all subject by the deeds to certain building restrictions, among them—

"that nothing but one dwelling house and the necessary out-buildings shall be erected on each lot; said dwelling house  *  *  *  is to face Ashland avenue, and is to be placed not less than twenty (20) feet back from the front line."  *  *  *

About April 1, 1920, defendant, with full knowledge of the building restrictions, began the building on his lot of a dwelling, the front line of which was to be 9 feet 9 inches from the front line of the lot. On that date, the stakes for the wall being set, one of the

plaintiffs, Stevenson, owner of an adjacent lot in the subdivision, warned defendant of his proposed violation of the restriction and advised him to move back and avoid trouble. Several times thereafter, defendant persisting in the violation, said plaintiff repeated his protests. The lot owners in the subdivision had formed the Ashland Avenue Improvement Association for the purpose stated in the name, of which McNair was president. Stevenson protested to defendant again at the request of the president of the association and the president, also a plaintiff, with Stevenson went to see defendant, who walked away from them, did not talk with them.

Defendant claims to have submitted his plans for his dwelling to Freud, president of the Marshland Boulevard Land Company, which put on the Freud's Fox Creek subdivision, for approval and that the same were approved. This claim, even if important, is not sustained by the record.

A petition was circulated among the lot owners and as a result this suit was commenced September 18, 1920, when defendant had made considerable progress in building the dwelling as staked. A restraining order was made. This was made permanent by the decree. Defendant by appeal presents three questions:

1. Fact. The facts as here stated are in accord with the opinion of the trial judge and are sustained by the record.

2. Estoppel. It is said that the plaintiffs, the lot owners in the subdivision, in building their dwellings have ignored the said restriction as to the front line of the dwellings to the extent that such restriction has been abandoned and plaintiffs are estopped to claim a breach by defendant. The record does not show an absolute observance of the restriction, but it shows a substantial observance. The trial judge

at the request of the parties viewed the premises and the surrounding neighborhood, and said of such view:

"It is strikingly apparent that the defendant's building as it now stands is violative of the building line restrictions. The construction is unusual in its character in comparison with other buildings or dwellings on the street, and the claim of the plaintiffs that its appearance is discordant with and deprecating to the uniformity and general harmony of the dwellings now constructed on Ashland avenue, is justifiably advanced. The record is well fortified by the respective parties with photographs in substantiation of their claims.

"An examination of the survey offered in evidence by the defendant and the testimony of defendant's witness Kennedy, indicates that a few of the plaintiffs are guilty of minor infractions of the restrictive covenants in question."

These "minor infractions," as found by a witness for defendant, were encroachments upon the said area of 20 feet to the extent of 6 inches in several instances, and the following: 11 inches, 18 inches, 7 inches, 12 inches, 4 inches, 3 inches, and, on Stevenson's lot, 8 inches. One dwelling is exactly located. Some are back from the line. Of some temporary buildings on these lots, the trial judge said:

"Violations of a few of the property owners, still maintaining boat houses or shacks in the rear of their lots, are only temporary. The owners of the temporary buildings are gradually constructing respectable homes."

The decree required defendant to fix the front line of his dwelling not less than 19 feet 4 inches from the front line of the lot. This will correspond with Stevenson's dwelling and be a substantial compliance with the restriction as followed by other lot owners. These slight breaches of the original plan do not accomplish a radical or material change in the general conditions and character of the subdivision, do not

estop plaintiffs from asserting their rights against defendant, whose breach threatened to diminish materially the value and desirability of the property of plaintiffs. See *Davison* v. *Taylor,* 196 Mich. 605; *Misch* v. *Lehman,* 178 Mich. 225; *Hartwig* v. *Grace Hospital,* 198 Mich. 725; *Schadt* v. *Brill,* 173 Mich. 647 (45 L. R. A. [N. S.] 726) ; *Stewart* v. *Stark,* 181 Mich. 408.

3. Laches. Defendant violated the restriction knowingly. He was warned repeatedly. As said by the trial judge, defendant may not claim that he continued his building of the dwelling upon the supposition or belief that plaintiffs had consented thereto and had waived their rights. He proceeded in defiance of them.

It is said that plaintiffs were slow in bringing this suit. But it is said in 1 High on Injunctions (4th Ed.), p. 12:

"Where although the plaintiff has suffered a long time to elapse before finally seeking the aid of a court of equity, he has, during all this time frequently protested to the defendant and urged him to cease doing the acts sought to be enjoined, the doctrine of laches does not apply and such does not constitute a bar to the interposition of the court by injunction."

See, also, 10 R. C. L. p. 397; *Walker* v. *Schultz,* 175 Mich. 280; *Kaiser* v. *Kaiser,* 213 Mich. 660; *Sheffield Car Co.* v. *Hydraulic Co.,* 171 Mich. 423 (Ann. Cas. 1914B, 984) ; *Morrison* v. *Power Co.,* 181 Mich. 624; *Nickerson* v. *Nickerson,* 209 Mich. 134; *Linzee* v. *Mixer,* 101 Mass. 512; *Herrick* v. *Marshall,* 66 Me. 439; *Hansell* v. *Downing,* 17 Pa. Sup. Ct. 235.

The decree is affirmed, with costs to plaintiffs.

STEERE, C. J., and MOORE, WIEST, FELLOWS, BIRD, and SHARPE, JJ., concurred. CLARK, J., did not sit.