[No. 61475-0.    En Banc.    November 22, 1994.]

MOUNTAIN PARK HOMEOWNERS ASSOCIATION, INC., *Respondent*, v. PADDY L. TYDINGS, ET AL, *Petitioners*.

*Robert K. Ricketts,* for petitioners.
*Brian L. McCoy,* for respondent.

DOLLIVER, J. — Defendants Paddy L. Tydings and Richard Tydings seek reversal of a Court of Appeals decision that reversed and remanded a Superior Court's order of summary dismissal with prejudice. In the alternative, Defendants request remand to the trial court with instructions. Defendants assign error to the Court of Appeals ruling that

violations of other enumerated protective covenants in a subdivision were irrelevant to whether a covenant against antennas has been abandoned or not enforced uniformly by Plaintiff Mountain Park Homeowners Association. Defendants also claim that Plaintiff procedurally forfeited its right to challenge the trial court's original order. We affirm the decision of the Court of Appeals.

Defendants are resident homeowners in Mountain Park, a 244-unit planned community in Pierce County, Washington. Purchasers of property in the subdivision agree to be bound by the Declaration of Covenants, Conditions, and Restrictions for Mountain Park (CCR). CCR art. 14, § 1, at 21. Plaintiff Mountain Park Homeowners Association (Association) is a nonprofit corporation established by the CCR whose membership consists of homeowners in the subdivision. CCR art. 4, § 1. The Association is empowered to enforce the CCR through the Architectural Control Committee (ACC). CCR art. 7, § 2; art. 14, § 2.

The CCR enumerates certain protective covenants, including a prohibition on antennas:

> No exposed or exterior radio or television transmission or receiving antennas shall be erected, placed, or maintained on any part of such premises except as approved by the ACC prior to installation or construction.

CCR art. 9, § 17. In 1988, Defendants installed an exterior satellite receiving dish on their property. Acting on a complaint by another resident, Plaintiff notified Defendants by letter that they were in violation of the protective covenant against antennas and requested removal of the dish. Defendants refused to remove the dish and admit its continued presence on their property.

In October 1988, Plaintiff filed a complaint against Defendants seeking to enforce the covenant. At the same time, the Association brought a second suit to enforce the same antenna covenant against another homeowner's satellite dish; the trial court in that case granted summary judgment for the Association. In February 1989, the trial court in the present case denied Plaintiff's motion for summary judgment and ordered:

> [I]f all covenants and/or restrictions contained in the Mountain Park Declaration of Covenants, Conditions and Restrictions are not uniformly enforced this action found to be discriminatory will be dismissed.

Pl.'s Clerk's Papers, at 85.

Shortly thereafter, Plaintiff determined that 7 to 12 home-owners were in violation of various covenants, including stored disabled vehicles, campers, boats, building materials, and a traditional television antenna. Plaintiff notified these violators that continued noncompliance with the covenants would result in its seeking judicial enforcement. Neverthe-less, in June 1989, the trial court denied Plaintiffs motion for reconsideration after deciding that the uniformity of enforcement remained in dispute. Meanwhile, Defendant Richard Tydings served as chairman of the ACC from 1989 to 1990.

In 1991, Defendants moved to dismiss the complaint by arguing that Plaintiff continued to fail to enforce the CCR against other violators. The trial court denied Defendants' motion to dismiss, deciding that a genuine issue of material fact regarding uniform enforcement persisted. Upon Defend-ants' motion for reconsideration, the court dismissed Plain-tiffs complaint with prejudice. The court held the enforce-ment of the antenna covenant against Defendants was discriminatory as a matter of law because Plaintiff

> has not uniformly enforced or attempted uniform enforcement of the [CCR] and has failed to take any action against the numerous violations of the [CCR] except for the proceedings against defendant herein . . ..

Order Dismissing Pl.'s Compl. With Prejudice, at 3. In addi-tion, the court held the covenant was an unreasonable re-straint on the use of property. The trial court denied Plain-tiffs motion for reconsideration.

In December 1993, the Court of Appeals reversed the trial court's summary dismissal and remanded. *Mountain Park Homeowners Ass'n v. Tydings*, 72 Wn. App. 139, 864 P.2d 392 (1993). The court held as a matter of law that Plaintiff had not abandoned or selectively enforced the covenant

against antennas and thus dismissal for Defendants was improper. *Mountain Park*, 72 Wn. App. at 148. The court also held the antenna covenant did not constitute an unreasonable restraint on the use of property. *Mountain Park*, 72 Wn. App. at 147. The Court of Appeals denied Defendants' motion for reconsideration. This court granted Defendants' petition for discretionary review solely on the issue of abandonment or selective enforcement.

We first address Defendants' procedural claim. Defendants submit that by failing to assign error to the trial court's original 1989 order, Plaintiff waived its right to assert error to the Court of Appeals on the final 1991 order. We conclude that Plaintiffs assignment of error was sufficient. As required by RAP 10.3(g), Plaintiffs statement of issues in its Brief to the Court of Appeals clearly disclosed its assignment of error to the entire ruling of the trial court; this ruling incorporated the 1989 interlocutory order. Review by the Court of Appeals was therefore proper.

■ We turn next to the heart of Defendants' petition: the rejection by the Court of Appeals of their defense to enforcement. When reviewing an order for summary judgment, the appellate court engages in the same inquiry as the trial court. *Syrovy v. Alpine Resources, Inc.*, 122 Wn.2d 544, 548 n.3, 859 P.2d 51 (1993). This court will affirm summary judgment if no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c). All facts and reasonable inferences are considered in the light most favorable to the nonmoving party, *Taggart v. State*, 118 Wn.2d 195, 199, 822 P.2d 243 (1992), and all questions of law are reviewed de novo, *Syrovy*, 122 Wn.2d at 548 n.3.

■ Property owners have a right in equity to enforce restrictive covenants. *See, e.g., Mains Farm Homeowners Ass'n v. Worthington*, 121 Wn.2d 810, 815, 854 P.2d 1072 (1993); *Ronberg v. Smith*, 132 Wash. 345, 349, 232 P. 283 (1925). A number of equitable defenses are available to preclude enforcement of a covenant: merger, release, unclean hands, acquiescence, abandonment, laches, estoppel, and changed neighborhood

conditions. *St. Luke's Evangelical Lutheran Church v. Hales*, 13 Wn. App. 483, 488, 534 P.2d 1379, *review denied*, 86 Wn.2d 1003 (1975); 5 Richard R. Powell, *Real Property* 679[1], [2] (rev. ed. 1991); *see Tindolph v. Schoenfeld Bros.*, 157 Wash. 605, 608, 611, 289 P. 530 (1930). There is no question here that the antenna covenant applies to satellite dishes and that Defendants are in violation. *Mountain Park*, 72 Wn. App. at 142 & n.3. Thus, Defendants can only avoid enforcement with facts supporting a viable defense.

■ The trial court accepted evidence of violations of other covenants to support a defense that the antenna covenant was abandoned or enforced selectively. The defense of abandonment requires evidence that prior violations by other residents have so eroded the general plan as to make enforcement useless and inequitable. *Mt. Baker Park Club, Inc. v. Colcock*, 45 Wn.2d 467, 471, 275 P.2d 733 (1954); *Ronberg*, 132 Wash. at 352-53.

> "[I]f a covenant which applies to an entire tract has been habitually and substantially violated so as to create an impression that it has been abandoned, equity will not enforce the covenant."

*White v. Wilhelm*, 34 Wn. App. 763, 769, 665 P.2d 407 (quoting *Sandy Point Imp. Co. v. Huber*, 26 Wn. App. 317, 319, 613 P.2d 160 (1980)), *review denied*, 100 Wn.2d 1025 (1983); *see Mt. Baker Park Club*, 45 Wn.2d at 471 (citing *Ronberg*, 132 Wash. at 350); *Hagemann v. Worth*, 56 Wn. App. 85, 89, 782 P.2d 1072 (1989). Violations must be material to the overall purpose of the covenant, and minor violations are insufficient to find abandonment. *Reading v. Keller*, 67 Wn.2d 86, 89, 406 P.2d 634 (1965); *Tindolph*, 157 Wash. at 611; *Johnson v. Mt. Baker Park Presbyterian Church*, 113 Wash. 458, 472, 194 P. 536 (1920). This court has refused to find abandonment from evidence of a single violation. *Reading*, 67 Wn.2d at 90.

Washington courts have not directly addressed the relevance of a violation of one type of covenant to the enforcement of another. The covenants in prior cases were broad, generally prohibiting nonresidential use and establishing

setback or height restrictions. *See, e.g., Ronberg,* 132 Wash. at 346; *Johnson,* 113 Wash. at 460. As a result, analysis has been limited to whether violations of the same covenant amount to abandonment. *See Mt. Baker Park Club,* 45 Wn.2d at 468, 472; *White,* 34 Wn. App. at 769, 771. The case at hand is made unique by the nature of the CCR; instead of a single broad covenant, the CCR catalogs specific prohibitions in separate covenants.

The Court of Appeals repudiated the trial court's acceptance of a theory of abandonment based on violations of other covenants. The court held that a defense of abandonment or selective enforcement of the antenna covenant could only be supported by evidence of violations of that covenant:

> Violations of other covenants, *e.g.,* violations involving stored disabled vehicles, campers, boats, and building materials, are not relevant to whether the covenant against antennas has been abandoned or not uniformly enforced.

*Mountain Park,* 72 Wn. App. at 148. The court went on to note that Plaintiff had enforced the three violations of the antenna covenant in the record by court action or voluntary compliance. *Mountain Park,* 72 Wn. App. at 148. Because Defendants presented no evidence of failure to enforce the antenna covenant, as a matter of law their defense failed.

Defendants dispute the ruling of the Court of Appeals that violations of *other* covenants are irrelevant to a defense against enforcement of the antenna covenant. They argue this ruling conflicts with three cases of abandonment, *Mt. Baker Park Club,* 45 Wn.2d at 471; *Hagemann,* 56 Wn. App. at 89; and *White,* 34 Wn. App. at 769. Defendants urge the court to adopt the analysis of other states apparently willing to consider violations of other independent covenants as relevant to abandonment. *See Swaggerty v. Petersen,* 280 Or. 739, 746, 572 P.2d 1309, 1314 (1977); *Condos v. Home Dev. Co.,* 77 Ariz. 129, 134, 267 P.2d 1069, 1072 (1954); *see also* 2 Thomas E. Atkinson et al., *American Law of Property* § 9.38 (A. James Casner ed. in chief, 1952); *contra Tompkins v. Buttrum Constr. Co.,* 99 Nev. 142, 145, 659 P.2d 865, 867 (1983); *Gladstone v. Gregory,* 95 Nev. 474, 479, 596 P.2d 491,

494 (1979); *Dauphin Island Property Owners Ass'n v. Kuppersmith*, 371 So. 2d 31, 34 (Ala. 1979).

■ Despite Defendants' contentions, the facts of the present case do not necessitate our reaching the legal issue of the viability of a defense based on violations of other independent covenants. We may sustain a lower court's judgment upon any theory established by the pleadings and supported by the proof. *Wendle v. Farrow*, 102 Wn.2d 380, 382, 686 P.2d 480 (1984). Our review of the uncontroverted evidence in the record convinces us that the terms of the CCR itself bar a defense based on violations of other covenants.

■ A court must construe restrictive covenants by discerning the intent of the parties as evidenced by clear and unambiguous language in the document. *Burton v. Douglas Cy.*, 65 Wn.2d 619, 621-22, 399 P.2d 68 (1965); *Lenhoff v. Birch Bay Real Estate, Inc.*, 22 Wn. App. 70, 73, 587 P.2d 1087 (1978); *Leighton v. Leonard*, 22 Wn. App. 136, 141, 589 P.2d 279 (1978). The court must consider the document in its entirety. *Burton*, 65 Wn.2d at 622. Only in the case of ambiguity will the court look beyond the document to ascertain intent from surrounding circumstances. *Burton*, 65 Wn.2d at 622; *Leighton*, 22 Wn. App. at 141; *Lenhoff*, 22 Wn. App. at 72-73; *see also Mains Farm*, 121 Wn.2d at 815.

■ The CCR contains an unequivocally unambiguous severability clause:

> Invalidation of any one of these covenants or restrictions by judgment or court order shall not affect any other provisions which shall remain in full force and effect.

CCR art. 14, § 4. Defendants do not deny their agreement to be bound by the provisions of the CCR, nor have they disputed the clarity, enforceability, or applicability of the severability clause to their circumstances. On its face, the severability clause indicates an intent to preclude the very defense accepted by the trial court. The CCR unambiguously mandates separate treatment of each covenant. As a result,

we hold the terms of the CCR make evidence of violations of other covenants irrelevant in the present case.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DURHAM, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.