Gilliam Y. PARRISH, Vicki W. Parrish, Ronald D. Brasel, Susan G. Brasel, Roger L. Burkett, Diana L. Burkett, Gary W. Burkett, Sabrina Burkett, Earl Ray, Peggy Ray, Larry Duenwald, Carla Duenwald, George Green, Linda Green, Darrell D. Adkission, Robert L. Adkission and Robert Lee Nichols, Appellees,

v.

Andy FLINN and Evelyn Keith, Appellants.

No. 87375.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 27, 1996.

H.I. Aston, Tulsa, for Appellants.

Bill Barksdale, Okmulgee, for Appellees.

*OPINION*

HANSEN, Presiding Judge.

In this action for enforcement of a restrictive covenant, Appellants seek review of the trial court's order granting summary judgment in favor of Appellees. The appeal is pursuant to the accelerated procedure under Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S. Supp.1993, Ch.15, App. 2.

The parties all own tracts in the same subdivision. Appellees initiated this action to enjoin Appellants from maintaining "mobile homes" on Appellants' tract, and further sought to have the mobile homes declared a nuisance. The covenant in controversy does allow mobile homes to be used as a temporary or permanent residence on some tracts in the subdivision, but Appellants' tract is not one of those specified.

In their Answer, Appellants admit the restriction on mobile homes and that they had placed a mobile home on their property. They contend the mobile home will become a non-restricted permanent residential structure after they remove the axles, establish a concrete foundation with piers, and have the home enclosed with bricks. Appellants subsequently moved for a declaratory judgment that the home would not be in violation of the restrictive covenants after the construction was completed. Appellants also impleaded the real estate agents who found the property for them, alleging negligence in failing to follow instructions to find a lot where a mobile home could be placed.

Appellees filed a motion for summary judgment. Pursuant to their agreement, the parties' pretrial briefs were considered by the court as briefs in support of, and opposed to, Appellees' motion for summary judgment. In their brief, Appellants additionally contended there were mobile homes on two other restricted lots. Appellees denied this contention, but argued the other mobile homes would not excuse or permit Appellants' violation.

The trial court granted summary judgment in favor of Appellees, enjoining Appellants from having or using a residential mobile home on their property and directing Appellants to remove the offending mobile home. Because the trial court's judgment did not dispose of all the claims and parties, the court made the necessary findings to have the judgment filed in accordance with 12 O.S. Supp.1995 § 994A. Appellants seek review of the trial court's order granting summary judgment.

Summary judgment is appropriate where it appears there is no substantial controversy as to any material fact, and that a party is

entitled to judgment as a matter of law. *First State Bank v. Diamond Plastics,* 891 P.2d 1262,1266 (Okla.1995). All inferences to be drawn from the underlying facts will be reviewed in the light most favorable to the party opposing the motion for summary judgment. *Id.*

Appellants first argue the trial court erred in failing to hear testimony from an architect that if they made the declared modifications to their home, it would not be a mobile home. Appellants had filed an offer of proof to that effect with their response to Appellees' motion for summary judgment. Because of the procedure adopted in this case for briefing the motion for summary judgment, it is unclear from the record when Appellants may have requested the trial court to hear the proffered testimony, and whether that request, if made, was timely. Nonetheless, even assuming a timely request, we find Appellants' contention has no merit.

■ Appellants conceded that a restrictive covenant prohibiting residential use of mobile homes applied to their property and that they had moved a mobile home onto the property. The issue was whether structural modifications would change the nature of the home so that it would not violate the restriction. The essence of that argument is that the home becomes *permanent* and is no longer *mobile.* We find the restriction would continue to apply notwithstanding the modifications promised by Appellants.

Our Oklahoma appellate courts have not decided the issue posed. "Mobile home" has not been defined in our law for the purposes of restrictive covenants. Appellants refer to 47 O.S. Supp.1994 § 1102(13) for the definitions of "manufactured home" and "mobile home" under the Oklahoma Vehicle License and Registration Act. Under that Act a mobile home is a manufactured home transportable in one section.

Appellants allude to their home being a manufactured home, rather than a mobile home, but provide nothing to support that suggestion. In either case, we do not find the Title 47 definitions persuasive of Appellants' contention. If anything, the definitions seem counter to Appellants' assertion of permanency because a manufactured home, and hence a mobile home, is *transportable,* built on a permanent *chassis,* and designed to be used as a dwelling *with or without* a permanent foundation. Additionally, Title 47 is our Motor Vehicle Code and has no relation to the purposes for restrictive covenants running with real property. We do not believe the Legislature contemplated such a *tenuous* use when it provided the definitions there.

The Court of Appeals has considered the status of a mobile home which becomes a "fixture" pursuant to the Oklahoma Uniform Commercial Code, 12A O.S.1991 §§ 1–105 *et seq. Parsons v. Lender Service, Inc.,* 801 P.2d 739 (Okla.App.1990); *Shelter America Corp. v. Ray,* 800 P.2d 743 (Okla.App.1990). In *Shelter America,* the Court of Appeals found that a mobile home changed from personalty to realty when the home's wheels and axles had been removed, a deck and breezeway had been constructed and utilities connected. However, that change in character occurred in the context of perfecting security interests by a fixture filing under 12A O.S. Supp.1985 § 9–313. The crucial question there was the intention of the party to make the mobile home a permanent accession to the freehold. Permanency is not determinative in the context of restrictive covenants.

In the absence of a definition of "mobile home" in our law, we look to the wording of the restrictive covenant itself, which is as follows:

> No basement, tent, garage, barn or other out-building erected in the above described subdivision shall at any time be used as a residence temporarily or permanently. A trailor (sic) or mobile home may be used as a temporary or permanent residence *only* on Tracts ... (numbers of tracts omitted)(emphasis in original).

■ If the language of a restrictive covenant is ambiguous, the intention of the drafting party controls its construction, but if the covenant is unambiguous, its plain language must be given effect. *In re Wallace's Fourth Southmoor Addition,* 874 P.2d 818 (Okla.App.1994). Plat restrictions are construed as contracts. *Noyes v. McDonnell,* 398 P.2d 838 (Okla.1965). Ambiguity in contracts is a matter of law for the court. *Lew-*

*is v. Sac and Fox Tribe of Oklahoma Housing Authority,* 896 P.2d 503 (Okla.1995).

We find no ambiguity as to the term "mobile home" in the context in which it is used in the matter before us. It is apparent the dedicator who created the covenants did so for the benefit of all tract owners to control the type of construction used for residential purposes. Appellants misplace the emphasis of their arguments on the purported permanency of the ultimate structure rather than on the initial construction of the "mobile home". While Oklahoma has not decided if the nature of a mobile home may be changed to comply with restrictive covenants, several of our sister jurisdictions have. We are persuaded by their reasoning.

In *Newman v. Wittmer,* 917 P.2d 926 (Mont.1996), the Montana Supreme Court was presented with substantially the same issue we find before us, and with similar facts. The Court there reiterated its previous holdings that the restrictive covenant prohibited a type of structure and that the *nature of the construction of the home rather than its subsequent mobility* was determinative. (Emphasis added). The Montana Court rejected the argument that the home was not a "mobile home" because it was designed to be moved only once, rather than from place to place.

The New Mexico Court of Appeals reached a similar conclusion in *Wilcox v. Timberon Protective Association,* 111 N.M. 478, 806 P.2d 1068 (App.1990). The trial court had refused to grant injunctive relief to a lot owner to enforce restrictive covenants prohibiting the use of "mobile homes" as residences. The Court of Appeals reversed, holding:

> Defendants rely on cases holding that placement of a trailer on a foundation and connecting it with water, sewer, and other utilities remove the portable characteristics and convert the structure into permanent housing, which is not prohibited by the covenant. (Citations omitted). These cases, however, deal with the transient nature of the dwelling, which is greatly reduced when mounted on a permanent foundation. We believe the restrictive covenant being construed here, on the other

hand, is directed at the *type of structure* prohibited, such as trailer, basement, tent, shack, garage, barn or other outbuildings.

Finally, the Arizona Court of Appeals, using "trailer" interchangeably with "mobile home", held a restrictive covenant applied because a trailer did not cease to be a trailer when it was attached to the land. *Carter v. Conroy,* 25 Ariz.App. 434, 544 P.2d 258 (1976). The Arizona Court of Appeal's rationale was that what was sought to be controlled was the appearance of the neighborhood.

In each of the cited cases, our sister Courts found the term "mobile home", or interchangeably "trailer", to be unambiguous when considered in the context of a restrictive covenant prohibiting their use as a residence. The Courts accordingly gave the terms their ordinary meanings and we do the same. The record supports the trial court's finding that Appellants' home is a "mobile home" prohibited under the restrictive covenants. The trial court did not err in refusing to hear the architect's testimony, or accept similar evidentiary material, because such evidence would not have been relevant to the trial court's determination.

We further find no merit in Appellants' second allegation of trial court error. Appellants assert the trial court erred by failing to consider their contention that the covenant sought to be enforced has been and continues to be violated on another lot in the addition. The trial court's order under review contains the following finding:

> The [Appellants] contend, and for the purposes of this motion only, the [Appellees] do not dispute, that there is another residential mobile home located on a lot in this subdivision where mobile homes are prohibited as residences. The Court specifically finds that such fact, which it considers to be true for the purpose of this motion, does not affect or change the court's findings or judgment.

The trial court does not further explain its reasoning why the other violation of the covenant sought to be enforced in this action does not affect its findings. The violation of the covenant by another party could ordinarily

raise the issue of *abandonment* of the covenant. However, on the record before us, we find as a matter of law that the covenant has not been abandoned. In doing so, we are again guided by the holdings of our sister Courts.

The Washington appellate courts have consistently held that the defense of abandonment requires that the covenant has been "habitually and substantially violated, and evidence that prior violations by other residents have so eroded the general plan as to make enforcement useless and inequitable." *Mountain Park Homeowners Association, Inc. v. Tydings,* 125 Wash.2d 337, 883 P.2d 1383 (1994). The Washington Supreme Court has refused to find abandonment from evidence of a single violation. *Id.* 883 P.2d at 1386.

In an action for injunctive relief to enforce a covenant against mobile homes, the Kansas Court of Appeals ruled that waiver of the covenant required general and continuous violations. *McColm v. Stegman,* 3 Kan.App.2d 416, 596 P.2d 167 (1979). The *McColm* court found no abandonment even though the defendants had previously allowed mobile homes on the restricted property with their permission.

■ The one acknowledged violation of the mobile home covenant here is not sufficient to establish the pattern of habitual or continuous violations necessary to find abandonment of the covenant. There is nothing else in the record to support Appellants' second allegation of trial court error.

We find no material facts remaining in controversy, nor do we find the trial court erred as a matter of law. The trial court's order granting summary judgment in favor of Appellees is AFFIRMED.

JOPLIN, J., and BUETTNER, J., concur.