[No. 41999-4-I.   Division One.   March 29, 1999.]

THOMAS McGRANE, *as Personal Representative, Appellant*, v. ROGER FRANK CLINE, ET AL., *Respondents*.

*Michael E. Withey* of *Stritmatter Kessler Whelan & Withey*, for appellant.

*Richard S. Lowell* of *Magnuson Lowell, P.S.*, for respondents.

*George A. Thornton*, amicus curiae.

BAKER, J. — Appellant is the estate of Cara McGrane, who was shot and killed during a robbery at a restaurant in Des Moines, Iowa. Respondents Roger and Elizabeth Cline had owned the firearm that Joe White used to kill

Cara McGrane. White either stole the firearm from the Clines' residence or the Clines' 16-year-old daughter gave White the firearm without the consent of her parents. McGrane seeks to hold the Clines liable under the theories of vicarious liability or a breach of duty to the general public to secure one's firearm. The trial court dismissed McGrane's claims on summary judgment. Because the Clines did not breach any legally recognized duty to the general public, we affirm.

I

Roger and Elizabeth Cline lived with their 16-year-old daughter Johanna in Fall City, Washington. When Roger and Elizabeth went away for the weekend they left Johanna, who was employed part-time, at home. They also left one of their firearms in their master bedroom, instead of locking it in a safe in the house. The master bedroom was located in a separate structure, a converted garage, and the Cline children (Johanna and her sister) were instructed not to enter the bedroom in the absence of their parents. The gun was left in a location known only to the parents. The children had been instructed never to touch guns. Before the weekend in question, the Cline residence had never been broken into or burglarized, nor had any of the firearms been stolen or tampered with. The Clines had a standing rule that the children were never to have guests at the house in their absence. Nevertheless, while the Clines were away, Johanna invited a girl friend and two young men to the house. After the Clines returned, they discovered that the firearm, ammunition, and jewelry were missing from their bedroom. They promptly reported the theft to the police. McGrane theorizes that Johanna may have given the gun to her visitors, but she denies doing so.

Seven weeks later, one of the young men used the gun to kill Cara McGrane during the course of a robbery. After the killer was sentenced for the murder, Cara McGrane's estate brought this suit against Roger and Elizabeth Cline. On

the Cline's motion, the trial court dismissed the suit. The estate appeals the summary judgment.

## II

A moving party is entitled to summary judgment when there is no genuine issue as to any material fact, as demonstrated by pleadings, affidavits, depositions, and admissions on file.[1] Reasonable inferences from the evidence are resolved against the moving party.[2] Such motions are granted only if a reasonable person could reach but one conclusion from all the evidence.[3] Appellate courts reviewing summary judgments engage in the same inquiry as the trial court (i.e., de novo).[4]

McGrane contends that Roger Cline owed a legal duty to the general public to secure his firearm, and negligently breached that duty. To establish a cause of action for negligence, a plaintiff must show: (1) the existence of a duty owed to the plaintiff; (2) breach of that duty; (3) resulting injury; and (4) that the breach was the proximate cause of the injury.[5] A negligence action cannot be maintained if the defendant owes the plaintiff no duty.[6] The existence of a duty is a question of law.[7]

The issues concerning responsible firearm ownership are the subject of much debate, in legislative halls and in society in general. The issues involved in this case

---

[1] CR 56(c); *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998) (citing *Hutchins v. 1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 220, 802 P.2d 1360 (1991)).

[2] *Id.* (citing *Lamon v. McDonnell Douglas Corp.*, 91 Wn.2d 345, 349, 588 P.2d 1346 (1979)).

[3] *Id.* (citing *Lamon*, 91 Wn.2d at 350).

[4] *Id.* (citing *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994)).

[5] *Id.* at 671 (citing *Hansen v. Friend*, 118 Wn.2d 476, 479, 824 P.2d 483 (1992)).

[6] *Id.*

[7] *Folsom*, 135 Wn.2d at 671 (citing *Pedroza v. Bryant*, 101 Wn.2d 226, 228, 677 P.2d 166 (1984)).

implicate a narrow range of those issues: should the courts recognize a duty on the part of a firearm owner to prevent the theft of that firearm from his or her residence, such that liability may be imposed against the owner for subsequent criminal use of that weapon? Under the facts of this case, we decline to impose such a duty.

This case does not involve accidental injury to children who foreseeably may have unsupervised access to a firearm, nor does it involve facts which arguably might alert a reasonable firearm owner that unauthorized entry and theft were likely or even reasonably foreseeable occurrences.

We acknowledge that burglary is an all too common occurrence today, particularly in urban and suburban settings, and that firearms are frequently stolen during a burglary. But there are too many issues of legitimate public debate concerning the private ownership and storage of firearms for this court to impose potential liability upon firearm owners based solely upon factors of ownership, theft, and subsequent criminal use of a firearm. We believe that the proper arena to resolve issues of such competing societal interests is legislative rather than judicial.

■ McGrane also contends the Clines are vicariously liable for Johanna's actions. A principal may be vicariously liable for the unauthorized conduct of an agent who is acting on the principal's behalf.[8] However, when an agent steps aside from a principal's purposes in order to pursue a personal objective of the agent, the principal is not liable.[9] The Clines' daughter did not act on behalf of her parents by inviting unauthorized company to their residence. And, assuming that McGrane's surmisals rise to legitimate issues of facts, the daughter certainly would not have been acting on her parents' behalf by stealing or allowing the theft of their firearm and jewelry. There is no vicarious liability here.

---

[8]*Niece v. Elmview Group Home*, 131 Wn.2d 39, 48, 929 P.2d 420 (1997).

[9]*Niece*, 131 Wn.2d at 48 (citing *Thompson v. Everett Clinic*, 71 Wn. App. 548, 551, 860 P.2d 1054 (1993), *review denied*, 123 Wn.2d 1027 (1994) (quoting *Kuehn v. White*, 24 Wn. App. 274, 277, 600 P.2d 679 (1979))).

Affirmed.

BECKER and APPELWICK, JJ., concur.

Review denied at 138 Wn.2d 1018 (1999).