130 P.3d 897 (2006)
Paul M. MATHESON, Appellant,
v.
WASHINGTON STATE LIQUOR CONTROL BOARD; and State of Washington Department of Revenue; and the State of Washington, Respondents.
No. 23770-2-III.
Court of Appeals of Washington, Division 3.
March 28, 2006.
*898 Robert E. Kovacevich, Robert E. Kovacevich PLLC, Spokane, WA, for Appellant.
Jason S. Richards, Attorney General's Office, Heidi A. Irvin, David M. Hankins, Attorney General's Office/Revenue Division, Olympia, WA, for Respondents.
BROWN, J.
¶ 1 Paul Matheson appeals the trial court's summary judgment dismissal of his petition for return of tobacco products and certain personal property seized by the State as contraband. We reject Mr. Matheson's constitutional, statutory, and exemption contentions involving his Indian status, and affirm.

FACTS
¶ 2 In January 2004, Trooper Steve Reeves stopped a pickup towing a trailer for speeding, *899 heading west on Interstate 90. The driver, Gerald Ashby, was arrested for driving with a suspended license. The passenger, Reginald Ashby, was not wearing a seat-belt. During a search incident to the arrest, Trooper Reeves found two new packs of cigarettes without tax stamps. Trooper Reeves impounded the truck and trailer.
¶ 3 During the search of Gerald Ashby, Trooper Reeves found invoices for cigarette sales in Idaho listing "Indian Country" as the Idaho shipper and "Skagit Sales" and "Native American Ventures" as recipients. Clerk's Papers (CP) at 84. The truck was registered to Paul Matheson. The Liquor Control Board (Board) verified neither Mr. Ashby nor Mr. Matheson was a licensed cigarette wholesaler in Washington or filed the required pre-notification forms for a shipment of untaxed cigarettes.
¶ 4 Based on this information, the Board obtained a warrant to search the truck and trailer for untaxed cigarettes. The search revealed 41,700 assorted packs of unstamped, untaxed cigarettes. The Board seized the truck, trailer and cigarettes, and notified Mr. Matheson that the property would be forfeited.
¶ 5 Mr. Matheson filed a petition in Kittitas County Superior Court to recover the seized property. When deposed, Mr. Matheson refused to answer any questions about the shipment, based on the Fifth Amendment. He did reveal his residence and business are located on the Coeur d'Alene Tribe's reservation, he is a member of the Puyallup Tribe, and he asserted he is a licensed cigarette wholesaler in Idaho. The Board successfully moved for summary judgment dismissal. Mr. Matheson appeals.

ANALYSIS
¶ 6 The issue is whether the court erred in granting summary judgment dismissal of Mr. Matheson's petition for the return of the alleged contraband seized by the State. Mr. Matheson contends the property was not contraband because as an Indian, the statutory scheme does not apply to him in view of federal law and constitutional principles. Alternatively, he contends if state law does apply to him, he is entitled to exemption.
¶ 7 Summary judgment is appropriate when "the pleadings, affidavits, depositions, and admissions on file demonstrate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Folsom v. Burger King, 135 Wash.2d 658, 663, 958 P.2d 301 (1998); CR 56(c). Our inquiry is the same as the trial court when reviewing summary judgment issues. Id. The facts and reasonable inferences from the facts are viewed in the light most favorable to the nonmoving party. See Mountain Park Homeowners Ass'n v. Tydings, 125 Wash.2d 337, 341, 883 P.2d 1383 (1994). All questions of law are reviewed de novo. Id.
¶ 8 Washington imposes an excise tax on all cigarettes sold, used, consumed, handled, possessed or distributed within the state. RCW 82.24.020. The State collects the tax through the sale of cigarette stamps, which must be "affixed on every package of cigarettes" implicated by RCW 82.24.020. RCW 82.24.030.
¶ 9 Mr. Matheson's main contention is that Washington's cigarette tax, as applied to him as an Indian, is contrary to federal and Constitutional law. He argues federal law prevents the State from taxing Indians; the tax is an impermissible burden on interstate and Indian commerce' differing treatment of military cigarette sales violates equal protection and state privileges and immunities guarantees; and the tax violates the state's constitutional guarantee of uniform taxation.
¶ 10 States lack the power to tax Indian tribes, Indian reservation lands or tribal members residing on Indian reservations without federal statutory authority. Cy. of Yakima v. Confederated Tribes & Bands of the Yakima Indian Nation, 502 U.S. 251, 258, 112 S.Ct. 683, 116 L.Ed.2d 687 (1992). Washington state does not have a grant of federal authority to tax on-reservation activities. See 4 U.S.C. § 109; see also WAC 458-20-192(5) (recognizing that the State may not tax Indians or Indian tribes in Indian country). Accordingly, Washington state's cigarette tax scheme does not apply to Indians purchasing or selling cigarettes on the reservation *900 of a tribe of which they are enrolled members. RCW 82.24.900; RCW 82.24.040. However, non-Indians and non-tribal Indians, those not enrolled with the tribe where they are doing business, must pay tax on cigarette retail sales on reservations. WAC 458-20-192(2)(a), (5). And, off-reservation activities are subject to taxation. See RCW 82.24.900; RCW 82.24.040.
¶ 11 Washington's cigarette excise tax scheme has been upheld by the United States Supreme Court. In Washington v. Confederated Tribes of Colville Indian Reservation, 447 U.S. 134, 139, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980), several Indian tribes challenged Washington's imposition of a cigarette tax on non-member Indians and non-Indians. The Court upheld the tax: "Federal statutes, even given the broadest reading to which they are reasonably susceptible, cannot be said to pre-empt Washington's power to impose taxes on Indians not members of the Tribe." Id. at 160-61, 100 S.Ct. 2069. This type of tax is valid so long as the incidence of the tax does not fall on members of the Indian tribe where the sales are taking place. Id. at 159, 100 S.Ct. 2069.
¶ 12 Mr. Matheson argues Colville is no longer good law in view of statutory changes. However, because the current version of the statutory scheme does not impose a tax on member Indians, it remains valid under federal law. See Nevada v. Hicks, 533 U.S. 353, 362, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001); Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 512, 111 S.Ct. 905, 112 L.Ed.2d 1112 (1991); Duro v. Reina, 495 U.S. 676, 686-87, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990); United States v. Baker, 63 F.3d 1478 (9th Cir.1995); Bercier v. Kiga, 127 Wash.App. 809, 820, 103 P.3d 232 (2004), review denied, 155 Wash.2d 1015, 124 P.3d 304 (2005). For example, Mr. Matheson's Indian status does not prevent the State from imposing an excise tax on his activities off-reservation. See Confederated Tribes of Colville, 447 U.S. at 159-61, 100 S.Ct. 2069.
¶ 13 Mr. Matheson broadly asserts that Washington's cigarette tax violates the Commerce Clause. The Commerce Clause, Article I, Section 8, Clause 3 of the United States Constitution, limits the power of the states to impose substantial burdens on interstate commerce. South-Central Timber Dev., Inc. v. Wunnicke, 467 U.S. 82, 87-88, 104 S.Ct. 2237, 81 L.Ed.2d 71 (1984). A state law impermissibly burdens interstate commerce if it facially discriminates against interstate commerce in favor of state economic interests. State v. Heckel, 143 Wash.2d 824, 832, 24 P.3d 404 (2001). If the statute is facially neutral, the benefits must be balanced against the burdens on interstate commerce. Id. Where a legitimate public interest exists, the statute "will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." Id. at 832-33, 24 P.3d 404 (quoting Pike v. Bruce Church, Inc., 397 U.S. 137, 142, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970)).
¶ 14 Chapter 82.24 RCW does not openly discriminate against interstate commerce in favor of Washington State interests; the statute applies evenly to in-state and out-of-state transactions. Further, the statutes promote a legitimate state interest, the generation of revenue. As argued by the Board, the burden on interstate commerce is minimal, because the tax burden always falls on the consumer.
¶ 15 Without analysis, Mr. Matheson asserts the Indian Commerce Clause (U.S. Const. art. 1, § 8) is violated. State taxes discriminating against Indian commerce are invalid. Dep't of Fisheries v. De-Watto Fish Co., 100 Wash.2d 568, 572, 674 P.2d 659 (1983). The Commerce Clause does not bar all state taxation of matters touching the economic interests of Indian tribes, but it prohibits undue discrimination against, or burdens on, Indian commerce. Colville, 447 U.S. at 159-61, 100 S.Ct. 2069. Here, Washington's tax scheme does not unduly burden or discriminate against Indian commerce because the incidence of the tax is on non-Indian or non-tribal Indian consumers. See id.
¶ 16 Mr. Matheson argues Washington's cigarette tax statutes violate equal protection principles by exempting transactions *901 on military bases but not Indian reservations. While the United States Supreme Court has upheld taxes for on-reservation cigarette sales to non-Indians or non-tribal Indians, it has specifically prohibited state taxes on cigarettes sold to federal instrumentalities, like military reservations. See Confederated Tribes of Colville, 447 U.S. at 160, 100 S.Ct. 2069; Hancock v. Train, 426 U.S. 167, 178-79, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976). Washington's tax scheme simply recognizes this prohibition. For these reasons, the Ninth Circuit has specifically rejected an identical equal protection argument. See Baker, 63 F.3d at 1490-91.
¶ 17 Mr. Matheson argues a violation of the Washington State Constitutional guarantee of equal privileges. Under Article I, Section 12, "[n]o law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations." Apparently, this argument is based on the exemption of military base transactions from the cigarette tax scheme. However, as discussed, the State is prohibited from taxing federal instrumentalities. Hancock, 426 U.S. at 178-79, 96 S.Ct. 2006.
¶ 18 Mr. Matheson asserts the uniform taxation requirements of Article VII, section 1 of the Washington State Constitution are offended. Taxes must be uniformly applied to the same class of property so that the burdens of taxation are uniformly distributed. Bond v. Burrows, 103 Wash.2d 153, 157, 690 P.2d 1168 (1984). However, the uniformity requirement does not apply to excise taxes, such as Washington's cigarette tax. See Black v. State, 67 Wash.2d 97, 100, 406 P.2d 761 (1965).
¶ 19 In sum, Mr. Matheson fails to persuade us Washington's tax scheme is invalid as applied to Indians generally. Accordingly, we shift our focus to Mr. Matheson's alternative contention that unresolved genuine fact issues remain as to whether he qualifies for statutory exemptions.
¶ 20 A Washington licensed wholesaler may possess unstamped cigarettes for a reasonable time to affix the stamps. RCW 82.24.040(2)(b); RCW 82.24.260(1). And, a Washington licensed wholesaler who pays a surety bond may possess extra "stock" to conduct business. RCW 82.24.040(2)(c). Mr. Matheson argues he is a licensed wholesaler. However, the statute exempts wholesalers licensed in Washington. RCW 82.24.040; RCW 82.24.260(1). Even when viewed in the light most favorable to Mr. Matheson, the facts show he has an Idaho wholesaler's license.
¶ 21 Further, the statutes exempt sales by Indian tribal organizations to enrolled tribal members from the stamping requirements. RCW 82.24.260(1)(c). Mr. Matheson contends he is an Indian tribal organization. An Indian tribal organization is statutorily defined as "a federally recognized Indian tribe, or tribal entity, and includes an Indian wholesaler or retailer that is owned by an Indian who is an enrolled tribal member conducting business under tribal license or similar tribal approval within Indian country." RCW 82.24.010(3). Mr. Matheson alleges he is a member of the Puyallup Indian tribe with residence and business on the Coeur d' Alene Indian reservation. But, Mr. Matheson does not show he was conducting business under tribal license or approval or in Indian country. Thus, this exemption does not apply as a matter of law.
¶ 22 The statutes exempt the transportation of unstamped cigarettes by a licensed wholesaler in the wholesaler's own vehicle (RCW 82.24.250(1)(a)) or any individual who has given advance notice to the Board (RCW 82.24.250(1)(b)). Mr. Matheson is not a licensed wholesaler in Washington. Mr. Matheson did not give any notice to the Board. As a matter of law, Mr. Matheson does not qualify for this exemption. See also RCW 82.24.500 (requiring a Washington wholesaler's license to engage in cigarette distribution in this State).
¶ 23 While Mr. Matheson argues the RCW 82.24.250 notification requirements are unconstitutionally vague, he never attempted to give the Board any notification of his shipment. Indeed, he has repeatedly asserted he was not required to give notice. Under the circumstances, he does not have standing to challenge its legality. See Grant Cy. Fire *902 Prot. Dist. No. 5 v. City of Moses Lake, 150 Wash.2d 791, 802, 83 P.3d 419 (2004) (standing requires an interest within the zone of interests being regulated and that the challenged action caused an "`injury in fact.'") (quoting Save a Valuable Env't v. City of Bothell, 89 Wash.2d 862, 866, 576 P.2d 401 (1978)).
¶ 24 Mr. Matheson argues the contested cigarettes are exempt from the statutory tax requirements under the cigarette tax contract between the State of Washington and the Swinomish Tribe. Under RCW 43.06.450 and RCW 43.06.460, the governor may enter into tax agreements with Indian tribes, where a tribe may impose its own tax in lieu of the State's cigarette tax. If so, the Indian tribes must purchase cigarettes from certain sources, including Washington licensed wholesalers and out-of-state wholesalers who certify to the State that they agree to comply with the terms of the contract. RCW 43.06.455(5)(b).
¶ 25 The Swinomish tribe has a cigarette tax contract with Washington state that requires the tribe to do business with Washington wholesalers or self-certified, out-of-state wholesalers. Mr. Matheson alleges an unresolved fact issue exists as to whether the cigarettes were intended for delivery to the Swinomish Indian reservation. However, the uncontested facts prove he is not a Washington licensed wholesaler or a certified out-of-state wholesaler. Hence, Mr. Matheson cannot rely on the Swinomish contract.
¶ 26 In sum, Mr. Matheson possessed, transported and intended to sell unstamped cigarettes. No exemption applies. Thus, the contested cigarettes are contraband. See RCW 82.24.130. The cigarettes, truck, and trailer are subject to forfeiture. See RCW 82.24.130(1)(a), (b). "[A] court may refuse to return seized property no longer needed for evidence only if (1) the defendant is not the rightful owner; (2) the property is contraband; or (3) the property is subject to forfeiture pursuant to statute." State v. Alaway, 64 Wash.App. 796, 798, 828 P.2d 591 (1992). Because the cigarettes were both contraband and subject to forfeiture, the question of ownership is immaterial.
¶ 27 We hold the trial court did not err in granting the Board's motion for summary judgment.
¶ 28 Affirmed.
WE CONCUR: KATO, C.J., and SWEENEY, J.