IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MATT BAKER & WHITNEY BAKER, husband and wife, BEND IN THE RIVER, LLC, a Washington for profit limited liability company, | ) ) ) ) ) | No. 30745-0-III |
| Appellants, | ) | |
| v. | ) ) | |
| DARREL D. SUNDAY; WES GREEN; HAROLD E. & LYNN L. TREASE; JOHN S. & LYNNE R. TREADWELL; JOHN S. & SUSAN J. WILLIAMS; STEWART MACKEY; LARRY D. & PATRICIA R. McCULLOCH; SAM R. & LINDA S. SORENSEN; TRACI K. SUNDAY; MARSHALL R. BAKER; JOE & HILLARY THOMAS; ERNEST L. & ROVECKA A. VINSON, Jr.; and ROBERT S. TAYLOR, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) | |

KORSMO, C.J. — Matt and Whitney Baker appeal the dismissal on summary

judgment of their action to declare a neighborhood covenant unenforceable. We affirm.

FACTS

The Bakers live in the Bend in the River Estates subdivision of West Richland.

An extensive list of recorded covenants governs the properties in the subdivision. Two of

the covenant provisions are relevant to this case. The first is Covenant 10 prohibiting

home businesses:

> No part of the properties shall be used directly or indirectly for any
> business, commercial, manufacturing, mercantile, storage, vending or other
> nonresidential purposes, except for agriculture or ranching with the limits
> set below. These provisions shall not preclude professional and
> administrative occupation without external evidence thereof, so long as
> such occupations are conducted in conformance with all applicable
> government ordinances and are merely incidental to the use of the dwelling
> unit as a residential house.

Clerk's Papers (CP) at 41. The second provision is a severability clause: "Invalidation of

any of these covenants by judgment or court order shall in no way affect any of the other

provisions which shall remain in full force and effect." CP at 40.

In 2010, the Bakers began to run a wedding reception and business retreat service

on their property. Later that year, they sought official sanction of their business by

applying for a special use permit from the county. Their neighbors vigorously opposed

the permit on the basis that the covenants did not permit the use.[1]

---

[1] The county eventually denied the permit for other reasons.

2

The Bakers instituted this declaratory judgment action against their neighbors. The neighbors counterclaimed seeking enforcement of Covenant 10 and then filed a motion for summary judgment on both the claim and the counterclaim. The trial court granted the motion. The Bakers timely appealed to this court.

## ANALYSIS

The Bakers raise two issues on appeal. First, they argue that abandonment is a question of fact that cannot be decided on summary judgment. Second, they argue that because some of the other covenants were abandoned that all the covenants, including Covenant 10, were abandoned. We address these issues as one.

"When reviewing an order for summary judgment, the appellate court engages in the same inquiry as the trial court." *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994). "This court will affirm summary judgment if no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law." *Id.* "All facts and reasonable inferences are considered in the light most favorable to the nonmoving party, and all questions of law are reviewed de novo." *Id.* (citation omitted). Questions of fact are not usually susceptible to summary judgment. *Moore v. Hagge*, 158 Wn. App. 137, 147, 241 P.3d 787 (2010).

Abandonment of a restrictive covenant is a question of fact. *Green v. Normandy Park Riviera Section Cmty. Club, Inc.*, 137 Wn. App. 665, 697, 151 P.3d 1038 (2007).

3

Thus, the Bakers argue that the trial court erred in granting summary judgment on the issue. However, at summary judgment "a question of fact may be determined as a matter of law when reasonable minds can reach only one conclusion." *Miller v. Likins*, 109 Wn. App. 140, 144, 34 P.3d 835 (2001).

A covenant is abandoned if it "'has been habitually and substantially violated.'" *Mountain Park*, 125 Wn.2d at 342 (internal quotation marks omitted) (quoting *White v. Wilhelm*, 34 Wn. App. 763, 769, 665 P.2d 407 (1983)). However, the Bakers never alleged that Covenant 10 had been habitually and substantially violated. Their only evidence related to violations and nonenforcement of *other* covenants in the subdivision. While their evidence might have supported a finding of abandonment of those covenants, the subdivision's severability clause prohibits such evidence from being used to support abandonment of any other covenants. *Mountain Park* is dispositive. There, due to the presence of a severability clause, the court refused to use evidence that other covenants had been abandoned as evidence that the challenged covenant should be considered abandoned. *Id.* at 344 (concluding that the severability acted to "bar a defense based on violations of other covenants").[2]

---

[2] The decision in *Mountain Park* left open the question of whether violations of other covenants can support a finding of abandonment when a severability clause is not present. *Mountain Park*, 125 Wn.2d at 344.

4

No. 30745-0-III
Baker v. Sunday

The Bakers attempt to distinguish *Mountain Park* on the basis that all of the covenants have been abandoned, including, presumably, the severance clause. However, the only evidence presented is that some of the covenants have been abandoned. There is no evidence suggesting the entire covenants have been abandoned.

In light of *Mountain Park*, reasonable minds could reach but one conclusion in this case—Covenant 10 had not been abandoned. The trial court did not err by granting the motion for summary judgment.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Kulik, J.

5