CLAIRE V. HANSEN *et al.*, Plaintiffs-Appellants, v. DAVID H. ORTH *et al.*, Defendants-Appellees (Wallace Herdlein *et al.*, Plaintiffs).

First District (4th Division) No. 1—92—1291

Opinion filed May 27, 1993.—Rehearing denied June 22, 1993.

Thomas D. Rosenwein and Kathryn E. Garipay, both of Schaefer, Rosenwein & Fleming, of Chicago, for appellants.

Richard J. Hoskins, of Schiff, Hardin & Waite, and Michael Silverman, of Kwiatt & Silverman, Ltd., both of Chicago, for appellees.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiffs and defendants are neighbors and home owners in Graymoor, a planned community in Olympia Fields, Illinois. A certain ambiance is cultivated. There are no streetlights, curbs, or sidewalks. Property in the community is subject to a recorded dec-

laration of protective covenants, conditions, and restrictions. Two of the covenants are relevant to this lawsuit. A building approval covenant prohibits construction on, or alteration of the exterior of property without approval of the architectural control committee of the Graymoor Land Owners Association board of directors. However, the covenant provides that if a lawsuit is not filed to enjoin unapproved construction before the work is done, the covenant "will be deemed to have been fully complied with." There is also a land use and building use covenant which prohibits "noxious or offensive activity," or "anything *** which may or becomes an annoyance or nuisance." This covenant is silent on the need to file a lawsuit before the nuisance becomes a fact of Graymoor life.

Defendants rely on compliance with the building approval covenant to justify erection of lights on their tennis court. Plaintiffs contend that the lights are a nuisance under the land use covenant, and their suit for injunctive relief, filed after defendants installed the lights, requests that the lights be removed. On cross-motions for summary judgment, the trial court held that the building approval covenant applied to the facts presented to it and found for defendants. On appeal plaintiffs argue that the court erred in applying the building approval covenant because, they allege, they brought the lawsuit under the nuisance language of the land use covenant, which has no time limitation. Plaintiffs also argue that the building approval covenant refers to buildings and therefore does not apply because lights are not buildings within the meaning of the covenant. We agree with the decision of the trial court.

In 1979 defendants sought approval from the architectural committee under the building approval covenant to build a tennis court on their property. The committee approved the request, but stated in a letter to defendants that no exterior lights were to be "attached to or directed towards the court." Defendants complied, and built the tennis court without lights.

Ten peaceful years passed in Graymoor. Then, in 1989, defendants began to erect six light standards around the tennis court. The president of the association told them that approval was required. Defendants suspended construction and sought approval from the architectural control committee. The committee denied their request. Defendants ignored the decision of the committee and resumed construction of the lights.

Before construction was complete, the association sent a letter accompanied by two ballots to each Graymoor resident. The first ballot asked whether the resident would support a $200 special as-

sessment to fund a lawsuit to enjoin erection of the lights. The second ballot asked if the resident opposed the litigation. A majority of Graymoor residents opposed the litigation and voted against the special assessment.

Meanwhile, defendants finished erecting the lights.

Four months after the lights were in place, plaintiffs filed this lawsuit to enjoin defendants from using the lights and to require removal. Defendants responded with a motion for summary judgment and argued that the complaint was barred by the time limitation in the building approval covenant.

The trial court found that plaintiffs' lawsuit was barred because they filed it four months after defendants finished erecting the lights. The court relied on two cases, *Hawthorne Hills Association v. Lawrence* (1980), 85 Ill. App. 3d 377, 406 N.E.2d 869, and *Garden Quarter I Association v. Thoren* (1979), 76 Ill. App. 3d 99, 394 N.E.2d 878, in finding that the time limitation language in the building approval covenant applied to bar plaintiffs' lawsuit.

On appeal plaintiffs argue that the court erred in finding that the building approval covenant was applicable because, they allege, their lawsuit is based on the declaration's "Land Use and Building Use" covenant, which has no time limitation. Plaintiffs attempt to distinguish *Hawthorne Hills* and *Garden Quarter* on the grounds that the plaintiffs in those cases relied solely on covenant provisions similar to the building approval covenant in this case, and not on a nuisance covenant.

■ The complete declaration governs the actions of property owners, and, where possible, the covenants should be read together. Plaintiffs' complaint states that the tennis lights are an annoyance and a nuisance. They amended their complaint to remove any reference to the building approval covenant. However, a party cannot escape a covenant's relevance by failing to mention it in the complaint.

*Hawthorne Hills* and *Garden Quarter* provide guidance. These cases were lawsuits for injunctive relief brought by a home owners' association whose property was also subject to a recorded declaration of covenants. Each declaration contained a restrictive covenant governing additions, alterations or changes to buildings with time limitation language almost identical to the language in the building approval covenant in this case. In *Hawthorne Hills*, the court held that the time limitation of the restrictive covenant barred plaintiff's action for a mandatory injunction to require defendants to remove a swimming pool and deck from their property because plaintiff filed

the suit one month after construction was completed. (*Hawthorne Hills*, 85 Ill. App. 3d 377, 406 N.E.2d 869.) In *Garden Quarter*, the court held that plaintiff's action for injunctive relief was barred by the time limitation of the restrictive covenant when plaintiff filed suit more than two months after defendants installed green carpeting on their outside door stoop and stairs. *Garden Quarter*, 76 Ill. App. 3d 99, 394 N.E.2d 878.

■ The circumstances in this case are virtually the same, except that this case involves light poles rather than swimming pools or outdoor carpeting. Although plaintiffs state in the complaint that the lights are a nuisance, they offer no evidence to support their claim. There are no allegations that defendants are cavorting about their tennis court under blazing lights at 4 o'clock in the morning or that the glare from the court has besmirched the gentle glow of a Graymoor twilight.

Plaintiffs also argue that the building approval covenant does not apply because it refers to buildings and, they argue, light poles are not buildings. We find little merit in this lexigraphic argument. The building approval covenant refers not only to buildings, but also to structures and to alterations to building sites. A "structure" is something made up of more or less interdependent elements or parts—something having a definite or fixed pattern of organization. We need not scour the case law to safely conclude that a light pole may be a structure wherever English is spoken. We also conclude that the light poles were an alteration of a building site—the tennis court.

Affirmed.

JOHNSON and HOFFMAN, JJ., concur.