[No. 41153-5-I. Division One. February 1, 1999.]

MARINERS COVE BEACH CLUB, INC., *Respondent*, v. PHILIP KAIREZ, ET AL., *Appellants*.

---

*W. John Sinsheimer* and *Lois K. Meltzer* of *Sinsheimer & Meltzer, Inc.*, for appellants.

*Christon C. Skinner*, for respondent.

BECKER, J. — The appellants, Philip and Carolyn Kairez, built a dock without first obtaining approval of the architectural control committee of the Mariners Cove Beach Club. The Club's covenants require that the committee's

approval be obtained before building a dock, but also provide that if no suit is brought to enjoin construction prior to completion of the improvement in question, approval is not required. We hold the Club waived its right of approval because it did not sue until three months after the Kairezes finished building their dock.

The Kairezes purchased waterfront property at Mariners Cove on Whidbey Island in the spring of 1994. The property is subject to restrictive covenants, recorded in October 1966. One covenant provides that no dock may be built, maintained or located on the property without written approval by the architectural control committee of Mariners Cove Beach Club, Inc.

In March 1996, a storm destroyed the Kairezes' 34-foot dock. Without requesting approval, the Kairezes began construction of a new 45-foot dock. The chairman of the architectural control committee told them they had to obtain the committee's approval for construction of the dock, and apply for a shoreline building permit from the county. He also advised the Kairezes that their dock exceeded a 30-foot length maximum that the committee had established.

The Kairezes obtained a permit from the county for a 45-foot long dock. They also wrote a letter to the committee on April 17 requesting approval of the new 45-foot dock. By this time, they had substantially completed construction of the new dock. The committee forwarded the request for approval to the Board of Trustees of Mariner's Cove. The Board denied the application on May 2, on the basis that the dock was more than 30 feet long.

In July, about three months after the Kairezes completed the construction of the dock, the Club sued the Kairezes and sought an injunction to remove the dock. The Club moved for summary judgment. The trial court granted the motion and ordered the Kairezes to reduce the dock to 30 feet.

The Kairezes appeal. The pertinent facts are undisputed.

The question is whether the Club was entitled to judgment as a matter of law.[1]

The Club defends the trial court's order on the basis that the Kairezes had at least constructive knowledge of the 30-foot limit, and that it was a reasonable limit, consistently enforced. On these issues we do not comment since we find dispositive the Kairezes' argument that the Club did not bring suit in a timely manner.

The Kairezes rely on Covenant 8 (entitled "Architectural Control Committee") and its requirement for prompt initiation of suit:

> The committee's approval or disapproval as required in these covenants shall be in writing. In the event that the committee or its designated representative, fails to approve or disapprove within 10 days after plans and specifications have been submitted to it, *or in any event, if no suit to enjoin the construction has been commenced prior to the completion thereof*, approval will not be required and the related covenants shall be deemed to have been fully complied with.

(Emphasis added.)

■ ■ RAP 9.12 provides that on review of an order granting a motion for summary judgment, an appellate court will consider only evidence and issues called to the attention of the trial court. The covenants were among the documents called to the attention of the trial court, and in responding to the Club's motion for summary judgment, the Kairezes argued laches and lack of standing. They did not, however, specifically call the trial court's attention to the "or in any event" clause of Covenant 8.[2] While they originally pleaded Covenant 8 as an affirmative defense in their answer to the Club's complaint, only in this court have they developed that defense.

Still, the Club's appellate brief fully responded to the Kairezes' Covenant 8 argument without raising any objec-

---

[1] *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

[2] *See* RAP 9.12.

tion under RAP 9.12 to this court's consideration of it. And courts may recognize an exception to the rule of non-reviewability when the question affects the right to maintain an action.[3] The Club's right to maintain its action depends on its compliance with Covenant 8, and the meaning of Covenant 8 is a legal issue that requires no factual resolution. For these reasons, we will not apply RAP 9.12 sua sponte and instead will proceed to address Covenant 8.

 The interpretation of the language in restrictive covenants is a question of law.[4] Questions of law are subject to de novo review.[5] This court's primary objective in interpreting restrictive covenants is to determine the intent or purpose of those establishing the covenants.[6] In determining intent, language is given its ordinary and common meaning.[7] Clear and unambiguous language in a restrictive covenant will be enforced according to its terms.[8] "Only in the case of ambiguity will the court look beyond the document to ascertain intent from surrounding circumstances."[9]

Where plans and specifications have been submitted, Covenant 8 requires the committee to approve or disapprove them within 10 days. But "in any event"—a phrase that includes situations where plans and specifications have not been submitted—the committee must sue to enjoin the construction before its completion. The second time limit applies here.

The Club argues that the "or in any event" clause could not have been intended to provide a means by which an applicant can avoid a design standard by racing to complete a

[3]*See Bennett v. Hardy*, 113 Wn.2d 912, 918, 784 P.2d 1258 (1990).

[4]*Parry v. Hewitt*, 68 Wn. App. 664, 668, 847 P.2d 483 (1992).

[5]*Failor's Pharmacy v. Department of Soc. & Health Servs.*, 125 Wn.2d 488, 493, 886 P.2d 147 (1994).

[6]*Riss v. Angel*, 131 Wn.2d 612, 621, 934 P.2d 669 (1997).

[7]*Riss v. Angel*, 131 Wn.2d at 621.

[8]*Mountain Park Homeowner's Ass'n v. Tydings*, 125 Wn.2d 337, 344, 883 P.2d 1383 (1994); *Burton v. Douglas County*, 65 Wn.2d 619, 621-22, 399 P.2d 68 (1965).

[9]*Mountain Park Homeowner's Ass'n v. Tydings*, 125 Wn.2d at 344.

project before a lawsuit can be filed. That is not the situation before us. The Club did not bring suit to enjoin the construction until three months after the Kairezes completed their dock. It is not inconsistent with the intent of Covenant 8 as discerned from its plain language to hold that it requires more alertness on the part of the committee than is evidenced by a three-month delay. Because the time limitation on the Club's right to sue is unambiguous, there is no need to look further to discern the intent of the drafters.[10] Under the "or in any event" clause of Covenant 8, the covenant requiring approval by the committee must "be deemed to have been fully complied with."

Covenant 8 precludes the Club from bringing action based on the architectural control committee's disapproval of the dock. The Club by its delay waived its right to approve the dock. The summary judgment in favor of the Club is reversed.

The trial court on remand is directed to enter summary judgment in favor of the Kairezes, and to award them reasonable fees pursuant to section 5.1 of the Club's bylaws for proceedings in the trial court and on appeal. In determining what fees are reasonable, the trial court may consider the Kairezes' failure to make an issue of the "or in any event" clause until submission of their appellate brief.

Reversed.

COLEMAN and BAKER, JJ., concur.

[10]*Hansen v. Orth*, 247 Ill. App. 3d 411, 617 N.E.2d 357 (1993); *Hawthorne Hills Ass'n v. Lawrence*, 85 Ill. App. 3d 377, 406 N.E.2d 869, 872 (1980); *Garden Quarter I Ass'n v. Thoren*, 76 Ill. App. 3d 99, 394 N.E.2d 878, 881 (1979).